WIGGINTON, Judge.
Burleson appeals from a Department of Administration letter which informed her the department was “without jurisdiction” to consider her administrative appeal from an earlier action of the Parole Commission, her former employer. We agree with the appellant that the department effectively denied her an opportunity to be heard pursuant to Section 120.57, Florida Statutes (1979), and we remand.
We are asked to decide this appeal on the strength of a record composed solely of letters among the parties. From this correspondence, we have reconstructed these facts: In December, 1979, this Court affirmed a Career Service Commission order requiring that Burleson be reinstated by her employer, the Parole Commission. Florida Parole and Probation Commission v. Burleson, 377 So.2d 208 (Fla. 1st DCA 1979). On either Wednesday, August 6, or Thursday, August 7, 1980, the commission attempted to comply with the order by offering Burleson a position as á revocation specialist, and she was told to report for work on the following Monday. Burleson replied that she could not report on Monday because she needed time to notify her interim employer and make child care arrangements, and because she had already made vacation plans. Apparently Burleson asked if she could take a leave of absence to work out these problems but was told this was impermissible because of the “critical workload level” in the revocation section. She did not report for work on Monday or thereafter.
The next record evidence is an October 15 letter from the Parole Commission, telling Burleson:
If you consider your status as determined by the Career Service Commission order ... to be that of an employee, and not merely a prospective employee, you are hereby notified ... that you were absent without authorized leave for three days and are thus deemed to have abandoned your position and to have resigned from the Career Service.
The letter then notified her of the right to petition the Department of Administration for a review under Florida Administrative Code § 22A-7.10.
Burleson wrote to the Department of Administration, attaching the October 15 letter, requesting a hearing to review the commission’s action. In response, DOA informed her that it would seek personnel *583 information from the Parole Commission and that she “will hear further from this office.”
Several weeks passed and Burleson again wrote to DOA, asking to be told “if this means a hearing is needed, or exactly what my status is.” Three weeks later her answer came in a letter informing her that based on evidence submitted by the Parole Commission, “... we are unable to find that a status of employment was created.” The DOA letter continued:
Without the existence of a status of employment, there can be no abandonment of employment. Therefore, we find there is no issue subject to be reviewed by the Department of Administration under authority of Personnel Rule 22A-7.10(2), F.A.C.
Inasmuch as the Department of Administration is without jurisdiction to review this matter, your request for review .. . is respectfully declined.
Burleson wrote back, stating she was “confused as to how your decision was reached without a review of the facts from both parties involved.” She said there were “other facts” the DOA had not yet considered, and she asked whether the previous DOA letter constituted final agency action. Replying, DOA informed her that it would conduct a hearing only if she could produce facts “contrary” to the facts as stated in the Parole Commission’s October 15 letter. Otherwise, DOA wrote, she should consider the previous letter to her as the agency’s final word on the subject.
We cannot agree with the department that it was “without jurisdiction” here. Section 22A-7.10(2)(a), Fla.Admin. Code, provides in its entirety:
An employee who is absent without authorized leave of absence for 3 consecutive workdays shall be deemed to have abandoned the position and to have resigned from the Career Service. An employee who separates under such circumstances shall not have the right of appeal to the Career Service Commission; however, any such employee shall have the right to petition the Department of Administration for a review of the facts in the case and a ruling as to whether the circumstances constitute abandonment of position.
The question before the agency was whether the circumstances constituted abandonment, and DOA answered in the negative without giving Burleson the benefit of § 120.57 proceedings.
The Parole Commission argues that Burleson should have accepted the department’s invitation to submit disputed facts. Without considering Burleson’s explanation that she did not receive that invitation until after she initiated this appeal, we reject the commission’s argument. The existence or nonexistence of disputed facts does not determine a party’s right to § 120.57 proceedings; this merely determines whether those proceedings will be formal or informal. Cf. § 120.57(1) with § 120.57(2).
The department did not give Burle-son a fair opportunity to present her arguments or to introduce additional, and possibly undisputed, facts. After receiving her petition, DOA told her it would investigate, then its next response was a letter informing her that it had already decided the issue. At no time was she given a fair opportunity to contest the department’s de-cisión regarding its lack of jurisdiction. DOA did not advise her of the procedure to be used in obtaining a rehearing, and its rules are silent on the subject. See “Motions for reconsideration,” Fla.Admin.Code 221-2.31. DOA erred because an agency must grant affected parties a clear point of entry to formal or informal proceedings under § 120.57. United States Service Industries-Florida v. Department of Health and Rehabilitative Services, 385 So.2d 1147 (Fla. 1st DCA 1980).
Accordingly, we remand this cause to the Department of Administration for further proceedings consistent with this opinion.
ROBERT P. SMITH, Jr., C. J., and LARRY G. SMITH, J., concur.