JOANOS, Judge.
Following preliminary proceedings, including proposal of a consent order by the Division of Land Sales (“the Division”) to Mohican Valley, Inc. (“Mohican”) and a notice of intent to file administrative charges alleging non-compliance with Chapter 498, Florida Statutes, the Division served Mohican, on December 14, 1982, with a notice to show cause why a cease and desist order should not be issued and civil penalties assessed. This notice provided that Mohican had 21 days within which to request either an informal conference or a formal hearing and gave specific instructions for requesting such procedures in writing. Mohican did not request a hearing within the 21 day period, but instead, in a letter dated December 20, 1982, Mr. Divine on behalf of Mohican wrote to Mr. Mullins of the Division stating that he had received the notice to show cause and was surprised by it because they had been in contact with one another by telephone, although he realized there were a few loose ends to be tied up. After discussing what he understood to be the main concern of the Division, Mr. Divine closed the letter by asking that Mr. Mullins let him know if his understanding of the matter was incorrect. Mr. Divine did not request a hearing of any kind in this letter or at any time during the 21 day period.
On January 18, 1983, after the 21 day period had passed, Mr. Mullins wrote Mr. Divine that Divine had failed to forward a copy of a lease discussed in the December 20, 1982, letter, and asked that a copy be sent to the Division. On March 9,1983, the Division issued a final order pursuant to the notice to show cause, finding that Mohican had waived its right to an administrative hearing by failing to request one and find *1128 ing Mohican in violation of Chapter 498, ordering Mohican to cease and desist its operations, and assessing a civil penalty. On March 10, 1983, Mohican filed a request for a formal hearing on the issues raised in the notice to show cause. The Division did not respond to Mohican’s request or a later motion for reconsideration and request for hearing, or to a motion to compel ruling and amendments to motion for reconsideration, therefore Mohican filed a notice of appeal in this court.
Mohican argues it did not intentionally waive hearing and that the Division misled them to believe a formal request for hearing was unnecessary because of continuing “vigorous negotiations.” Mohican refers specifically to the proposed consent order, his request of December 20, 1982, that the Division let him know if he had misapprehended the state of affairs, and Mr. Mullins’ January, 1983 letter regarding a copy of the proposed lease. Mohican asserts that the Division should be estopped from claiming the right to hearing was waived because it led Mohican to believe settlement was imminent. We disagree and affirm the Division’s final order.
Mohican was provided a clear point of entry into administrative proceedings in the form of the notice to show cause issued December 14,1982, which specifically provided that Mohican had 21 days in which to request a hearing in writing. Therefore the cases on which Mohican relies, Capeletti Brothers v. Department of Transportation, 362 So.2d 346 (Fla. 1st DCA 1978), and Szkolny v. State Awards Committee, 395 So.2d 1290 (Fla. 1st DCA 1981), are not pertinent. See Dickerson v. Rose, 398 So.2d 922 (Fla. 1st DCA 1981). Henry v. Department of Administrative, 431 So.2d 677 (Fla. 1st DCA 1983), is distinguishable because the agency’s letter in that case failed to state the available remedies and time period within which they could be sought. In the present case, while appellant sent a letter to the Division within the 21 day period indicating he thought the problems had been largely resolved and asking the agency to let him know if his assumption was incorrect, this was the only communication by either party during the 21 day period. During that time the Division did not respond to appellant’s letter, and appellant did not request a hearing in writing. Therefore, appellant waived the clear point of entry provided by continuing a course of unresponsive communications. The proposed consent order has no effect on the point of entry since it was proposed long before the notice to show cause issued. The Division’s letter of January 18,1983, informing appellant that they had not included a copy of the “revised” lease with the December 20 letter can be viewed as giving appellant one more opportunity to show compliance with Chapter 498 before entering a final order even though appellant failed to take advantage of the clear point of entry provided, but the letter does not provide a basis for estoppel because it was sent after the 21 day period had expired with no request for hearing by appellant.
The other issues Mohican raised do not require discussion. The final order is AFFIRMED.
LARRY G. SMITH and WENTWORTH, JJ., concur.