SHIVERS, Judge.
Appellant John J. Machules seeks review of a final administrative order. The Department of Administration denied his petition for review of a Department of Insurance finding that he abandoned his position. The issue is whether the Department of Administration erred in refusing to permit Machules to file a late appeal under the following circumstances. We affirm.
On February 4, 1985, Machules received notice that his employment with the Department of Insurance and Treasurer as a Special Investigator had been terminated *438 on January 30,1985, by reason of abandonment under Rule 22A-7.10(2) F.A.C. (1985). The notice informed him of his right to petition the Department of Administration within twenty days of receipt of the letter for a review of the facts and a ruling as to whether the circumstances constitute abandonment of position. The Department of Administration’s address was included in the notice. The notice also stated that separation resulting from abandonment of position is not appealable to the Career Service Commission.
Machules had been absent from work without authorized leave for a period of three consecutive workdays, Friday, January 25, 1985 through Tuesday, January 29, 1985, due to an alcoholic condition. Between February 4, 1985, and March 11, 1985, Machules pursued the finding of abandonment through the American Federation of State, County and Municipal Employees (AFSCME) Union’s Grievance Procedure against the Department of Insurance and Treasurer. On March 11, 1985, the Union received a letter from the Department of Insurance rejecting Machules’ grievance as inappropriate for resolution in a Step 2 grievance proceeding because abandonment is not a disciplinary action which can form the basis of a grievance and because Section 22A-7.10(2)(a), F.A.C. clearly mandates that the proper method of appeal is by petition to the Department of Administration.
On April 1,1985, the AFSCME representing Machules requested the Department of Administration to toll the period for filing the administrative petition during the period Machules pursued his termination through the Union grievance process. The Department of Administration rejected the request in an order advising Machules that it intended to enter a final order dismissing his petition as untimely and outside the jurisdiction of the agency. Machules submitted a motion for reconsideration. The Department of Administration entered a final order dismissing the petition for review as untimely and denying the motion for reconsideration. Machules appeals alleging denial of due process, estoppel and equitable tolling.
Separation by abandonment of position is governed by Rule 22A-7.10(2), F.A.G. (1985)[1] and has been specifically held to provide adequate procedural due process safeguards. Hadley v. Department of Administration, 411 So.2d 184, 186 (Fla.1982).
Rule 22A-7.10(2)(a) F.A.C. (1985) clearly states the petition for review can be brought “only within 20 calendar days after the date that written notification is effectuated.” In a similar administrative case, this court held a corporation waived its right to an administrative hearing offered by the Division of Florida Land Sales and Condominiums by not requesting a hearing during the 21 day period which was provided by the Division as a clear point of entry into administrative proceedings. Mohican Valley Inc. v. Division of Florida Land Sales and Condominiums, 441 So.2d 1126, 1128 (Fla. 1st DCA 1983). *439 An agency must grant affected parties a clear point of entry to formal or informal proceedings under Section 120.57, Florida Statutes (1985) which governs review of decisions affecting public employees. Burleson v. Department of Administration, 410 So.2d 581, 583 (Fla. 1st DCA 1982). A clear point of entry was clearly provided to Machules in the notice sent to him. Therefore, Machules was not denied due process.
As to estoppel, that doctrine is rarely applied against state action except where there are special circumstances and some positive act on the part of an officer of the state. Special Disability Trust Fund v. Aetna Casualty and Surety Co., 397 So.2d 381, 383 (Fla. 1st DCA 1982) rev. denied, 402 So.2d 607 (Fla.1981). Ma-chules argues that the Department of Administration should be estopped from denying the late petition for review of one who relies on correspondence from the Department of Insurance demonstrating that the Department is proceeding with the grievance. In this case we find neither special circumstances nor positive action on the part of officers of the state. In fact, Ma-chules received timely and specific instructions on how, where and when to petition for review in the January 30, 1985 letter of notification to him. Machules’ failure to appeal to the proper agency within the proper time period is not evidence of special circumstances or positive action by officers of the state. Furthermore, this court held that the Division of Florida Land Sales and Condominiums was not estopped from ordering a corporation to cease and desist operations despite extended phone and written correspondence between the Division and the corporation during and subsequent to the 21 day period for filing a petition for review. Mohican Valley, Inc., 441 So.2d at 1128. Similarly, the Department of Administration is not estopped from denying review of Machules late petition for review.
Machules’ third argument is that the doctrine of equitable tolling applies. Equitable tolling of time limits has been permitted in federal actions where “active deception” took place, Cottrell v. Newspaper Agency Corp., 590 F.2d 836, 838-39 (10th Cir.1979); where plaintiff has been “lulled into inaction by past employer, state or federal agencies, or the courts.” Miller v. Marsh, 766 F.2d 490, 493 (11th Cir.1985), Martinez v. Orr, 738 F.2d 1107, 1112 (10th Cir.1984); and where plaintiff has been “actively misled” or “has in some extraordinary way been prevented from asserting his or her rights”, Wilkerson v. Siegfried Insurance Agency, Inc., 683 F.2d 344, 348 (10th Cir.1982).
In the instant case, Machules was explicitly informed by the Department of Administration of the proper procedure for review. That letter provided Machules a clear point of entry into administrative proceedings by expressly providing that a request for a hearing must be made within 20 days of receipt of the letter. See Mohican Valley, supra, at 1128. He cannot now get relief from his failure to follow the instructions based merely on the AFSCME Union’s failure to determine they lacked jurisdiction until several weeks into the improper grievance procedure. The fact that the Union and the Department of Insurance mistakenly proceeded with an improper grievance does not rise the Department of Administration’s actions into active deception lulling Machules into inaction or prevent him in some extraordinary way from asserting his rights. Even if the Department of Insurance was responsible for misleading Machules into thinking his AFSCME Union grievance was proper, Ma-chules is not relieved of the responsibility to appeal to the Department of Administration under Rule 22A-7.10, F.A.C. (1985) because of the explicit instructions he received. At no time was the Department of Administration derelict in their duties to Machules under Rule 22A-7.10, F.A.C. (1985).
Furthermore, Machules could have simultaneously filed an appeal under Rule 22A-1.10(2)(a), F.A.C. (1985) as well as proceeded with the Union grievance process to preserve his rights under both. At no time *440 was Machules prevented from asserting his rights.
In his motion for reconsideration to the Department of Administration, Machules argued that his absence from work for three days did not constitute abandonment because his immediate supervisor visited him at his residence and therefore was aware of his location and the reason for his absence. We do not find such argument to excuse a late petition for review with the Department of Administration. Rather, this is exactly the type of argument to be properly raised at a Rule 22A-1.10(2)(a) hearing where the facts are reviewed and a ruling as to whether the circumstances constitute abandonment of position is made. Machules was afforded his opportunity for a hearing and cannot now complain.
We certify the following question as one of great public importance:
May the tolling doctrine espoused in federal administrative law decisions be applied to toll the time for seeking review with the Department of Administration without being in conflict with the decision in Hadley v. Department of Administration, 411 So.2d 184 (Fla.1982), and other decisions upholding the validity of the presumption of abandonment and 20 day time requirement in rule 22A-7.-10(2)?
AFFIRMED.
BARFIELD, J., concurs and dissents, with an opinion.
ZEHMER, J., dissents, with an opinion.

. (2) Abandonment of Position—
(a) An employee who is absent without authorized leave of absence for 3 consecutive workdays shall be deemed to have abandoned the position and to have resigned from the Career Service. An employee who separates under such circumstances shall not have the right of appeal to the Career Service Commission; however, any such employee shall have the right to petition the Department of Administration for a review of the facts in the case and a ruling as to whether the circumstances constitute abandonment of position.
(b) Each employee separated under conditions of abandonment of position shall be notified in writing.
... The employee may petition the Department of Administration for review of the action taken by the employing agency only within 20 calendar days after the date that written notification is effectuated.
A petition is timely made under this rule if postmarked within the 20-day period or if physically received in the Office of the Secretary of the Department of Administration within the 20-day period.
The decision of the Department of Administration on such a petition shall be final and binding on both the employee and the employing agency.