523 So.2d 1132 (1988)
John J. MACHULES, Petitioner,
v.
DEPARTMENT OF ADMINISTRATION, Respondent.
No. 70311.
Supreme Court of Florida.
March 31, 1988.
Ben R. Patterson of Patterson and Traynham, Tallahassee, for petitioner.
Augustus D. Aikens, Jr., Gen. Counsel, Dept. of Admin., Tallahassee, for respondent.
BARKETT, Justice:
We have for review Machules v. Department of Administration, 502 So.2d 437 *1133 (Fla. 1st DCA 1986), in which the district court certified the following as a question of great public importance:
May the tolling doctrine espoused in federal administrative law decisions be applied to toll the time for seeking review with the Department of Administration without being in conflict with the decision in Hadley v. Department of Administration, 411 So.2d 184 (Fla. 1982), and other decisions upholding the validity of the presumption of abandonment and 20 day time requirement in rule 22A-7.10(2)?
Id. at 440. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the certified question in the affirmative and quash the decision of the district court.
Petitioner John Machules was employed as a Special Investigator for the Department of Insurance ("Employer"). He missed three consecutive workdays due to alcoholism. On February 4, 1985, he was notified by the Employer that he had been terminated from his employment by reason of abandonment under Rule 22A-7.10(2), Florida Administrative Code (1985).[1] He was informed that he had the right to appeal to the Department of Administration (DOA) within twenty days.
Machules took the notice to his union representative, the American Federation of State, County and Municipal Employees ("AFSCME"), which filed a contractual grievance on his behalf on February 4, 1985. The Employer set a hearing date of February 25 on the grievance. The hearing was held and the grievance subsequently denied on the ground that it was not cognizable under the labor agreement and could only be appealed to the DOA under the provisions of Rule 22A-7.10(2).
The union immediately appealed to DOA, requesting that the twenty-day time limitation be tolled for the period during which the grievance was being pursued and noting that the Employer had set the grievance hearing for February 25, the day after the appeal period had expired. The appeal was rejected as untimely and outside the agency's jurisdiction. Machules filed a petition for rehearing, again arguing that the Employer's participation in the grievance process led him to believe that the grievance procedure was the appropriate method of review and supporting his disagreement with the Employer's finding of abandonment with evidence indicating that the Employer had authorized his absence from work on the third day. The rehearing was denied, and Machules appealed to the First District, asserting that he should be permitted to file a late appeal under the doctrine of equitable tolling. A majority of the district court disagreed, but certified the question as one of great public importance.
The doctrine of equitable tolling was developed to permit under certain circumstances the filing of a lawsuit that otherwise would be barred by a limitations period.[2]See Bailey v. Glover, 88 U.S. (21 *1134 Wall.) 342, 22 L.Ed. 636 (1874). The tolling doctrine is used in the interests of justice to accommodate both a defendant's right not to be called upon to defend a stale claim and a plaintiff's right to assert a meritorious claim when equitable circumstances have prevented a timely filing. Equitable tolling is a type of equitable modification which "`focuses on the plaintiff's excusable ignorance of the limitations period and on [the] lack of prejudice to the defendant.'" Cocke v. Merrill Lynch & Co., 817 F.2d 1559, 1561 (11th Cir.1987) (quoting Naton v. Bank of California, 649 F.2d 691, 696 (9th Cir.1981)). Contrary to the analysis of the majority below, equitable tolling, unlike estoppel, does not require active deception or employer misconduct, but focuses rather on the employee with a reasonably prudent regard for his rights. Id. See also Doi, Equitable Modification of Title VII Time Limitations to Promote the Statute's Remedial Nature: The Case for Maximum Application of the Zipes Rationale, 18 U.C. Davis L.Rev. 749, 779-80 (1984) (waiver and estoppel generally based on employer's actions, whereas tolling may arise out of broader range of events). As Judge Zehmer notes in his dissent below:
The doctrine [of equitable tolling] serves to ameliorate harsh results that sometimes flow from a strict, literalistic construction and application of administrative time limits contained in statutes and rules.
502 So.2d at 446.
Although there is no Florida decision pertaining to the application of the tolling doctrine in administrative proceedings, federal courts have applied it in many differing contexts.
Generally, the tolling doctrine has been applied when the plaintiff has been misled or lulled into inaction, has in some extraordinary way been prevented from asserting his rights, or has timely asserted his rights mistakenly in the wrong forum. See, e.g., Burnett v. New York Central R.R., 380 U.S. 424, 428-30, 85 S.Ct. 1050, 1054-55, 13 L.Ed.2d 941 (1965) (wrong forum); Miller v. Marsh, 766 F.2d 490, 493 (11th Cir.1985) (lulled into pursuing other channels by official action); Martinez v. Orr, 738 F.2d 1107, 1112 (10th Cir.1984) (misled or lulled into inaction); Dartt v. Shell Oil Co., 539 F.2d 1256, 1261-62 (10th Cir.1976), aff'd 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977) (lulled into inaction); Frabutt v. New York, Chicago & St. Louis R.R. Co., 84 F. Supp. 460 (W.D.Pa. 1949) (war); Osbourne v. United States, 164 F.2d 767, 769 (2d Cir.1947) (war). Other courts have recognized the doctrine but refused to apply it under the circumstances. See Electrical, Radio & Machine Workers Local 790 v. Robbins & Myers, Inc., 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976); School District v. Marshall, 657 F.2d 16 (3d Cir.1981); Smith v. American President Lines, Ltd., 571 F.2d 102 (2d Cir.1978).
We find the doctrine of equitable tolling applicable under the facts of this case for two reasons: petitioner was misled or lulled into inaction by his Employer, and his appeal to DOA raised the identical issue raised in the original timely claim filed in the wrong forum.
First, we agree with petitioner's contention that although he erred in filing a grievance instead of an appeal, his Employer countenanced and acquiesced in the error by participating in the grievance process until after the appeal period had run. We find the Employer's actions in this instance sufficiently misled petitioner so as to excuse his failure to timely file in the appropriate forum. This is not a case of mere inaction in the face of petitioner's mistake. The hearing was not set by an automatic process with a form letter. Rather, the record before us indicates knowledge on the part of the Employer of the specific facts of petitioner's situation, and communication by the Employer to petitioner based upon that knowledge. In a letter dated February 21, 1985 to Machules' union representative, the Employer stated:
This is a follow-up to our telephone conversation today in which we discussed the scheduling of a Step 2 grievance meeting concerning Mr. John Machules' separation from the Department of Insurance.

*1135 As agreed, the meeting is scheduled for 11:00 a.m., Monday, February 25, 1985, at the Tampa Service Office, Suite 809, 1313 North Tampa Street, Tampa, Florida, Phone 272-2330.
Our Step 2 agency representative is Mr. Dennis Silverman. Mr. Silverman will be accompanied by Mr. Bill Canova, Director of Insurance Consumer Services, and Mr. Joe Townsend, Investigator Administrator.
Should you have any questions concerning this matter, please contact me... .
We do not find it unreasonable to excuse Machules, a layperson, from clearly understanding which avenue of review to pursue when the Employer itself acquiesced in the procedure chosen.[3] We note that both the Employer and the union failed to determine that the grievance procedure was inappropriate until it was too late. Clearly, this is a factor to be considered. Several courts have allowed tolling, partly because the plaintiff was acting without counsel or the untimely filing was due to attorney ineptitude. See, e.g., Martinez, 738 F.2d at 1111; Dartt, 539 F.2d at 1262; Volk v. Multi-Media, Inc., 516 F. Supp. 157, 162 (S.D. Ohio 1981). But see Edwards v. Kaiser Aluminum & Chemical Sales, Inc., 515 F.2d 1195, 1200 n. 8 (5th Cir.1975).
In Martinez, the claimant had received notice informing him of his right to file a civil action within thirty days as well as his right to request that his EEOC complaint be reopened. During the process of requesting reopening and reconsideration by the EEOC, he missed the deadline for filing a civil suit. The court noted that "the notice says only that suit may be filed within thirty days; it does not specify that this period represents the claimant's one and only opportunity to file suit." Under these circumstances, the court reasoned that equitable tolling was appropriate:
To be sure, a trained lawyer or a particularly prudent and savvy layperson might recognize the inviolability of the thirty-day deadline and thus would be certain to preserve the right to sue by taking both actions simultaneously. However, the protections of Title VII were not intended only for the prudent, the savvy, or the legally trained... . [W]e do not think it unreasonable for a pro se recipient of the notice to request EEOC reconsideration on the assumption that if the request were denied, a new thirty-day period within which to file suit would arise thereafter.
738 F.2d at 1111.
We also find petitioner entitled to relief because he made identical claims in both administrative proceedings. We agree with petitioner that the rationale of Burnett is applicable to the circumstances now before us. In Burnett, the plaintiff initially brought suit in an Ohio state court under the Federal Employee's Liability Act (FELA) for an alleged injury incurred on the job. This action was dismissed for improper venue. Eight days later the plaintiff brought the identical suit in federal district court. The district court dismissed the suit because it was not brought within the statutory limitations period. The United States Supreme Court reversed, noting that the plaintiff had not "slept on his rights" and that service of process in the Ohio suit had been effected on the defendants giving them timely notice of the exact nature of plaintiff's claim. The Court observed that the purpose of limitations periods was not being thwarted since the "[r]espondent could not have relied upon the policy of repose embodied in the limitation statute, for it was aware that petitioner was actively pursuing his FELA remedy." 380 U.S. at 429-30, 85 S.Ct. at 1055. Accordingly, the Court determined *1136 that the interests of justice outweighed the policy of repose underlying the statutory time limitation and applied the doctrine of equitable tolling to permit the plaintiff to "vindicate his rights" by bringing the lawsuit. Id. at 428, 85 S.Ct. at 1054.
Respondent attempts to distinguish Burnett and urges us to deny relief as did the United States Supreme Court in Electrical Workers. In Electrical Workers, the plaintiff was discharged from employment purportedly for her failure to comply with procedures contained in the collective bargaining agreement pertaining to leaves of absence. Two days later, she filed a grievance alleging "unfair action" in her termination. One hundred and eight days after her discharge, the plaintiff filed a charge of racial discrimination with the EEOC against both the union and the employer. The EEOC denied the plaintiff's claim on the merits. The district court denied her appeal because she had not filed charges with the EEOC within the required ninety-day period of limitations. The United States Supreme Court refused to apply the doctrine of equitable tolling on the grounds that the Title VII remedy for racial discrimination was independent of other preexisting remedies available to an aggrieved employee for "unfair action." The Court held this result was compelled by its conclusion in Alexander v. Gardner-Denver Co., 415 U.S. 36, 52, 94 S.Ct. 1011, 1021, 39 L.Ed.2d 147 (1974) that:
"[I]n instituting an action under Title VII, the employee is not seeking review of the arbitrator's decision. Rather, he is asserting a statutory right independent of the arbitration process."
429 U.S. at 236, 97 S.Ct. at 441 (emphasis added).
We find Electrical Workers distinguishable. Unlike the claimant in Electrical Workers, who had available two separate and independent rights, petitioner here had only one claim, one right, and one remedy, which he mistakenly chose to pursue in the wrong forum. In Electrical Workers, the failure to timely file was due to the claimant's choice of alternative remedies. Here, petitioner had only one remedy: a review of the facts to determine whether the circumstances constituted abandonment. Indeed, this is precisely what Machules sought in both the grievance procedure and the subsequent appeal to DOA.[4] He simply chose the wrong forum. Thus, this case is more like Burnett than Electrical Workers.
We are further persuaded, as was the Court in Burnett, by the analogous rules devised by both federal and state courts to preclude the dismissal of an action solely because a prior timely action was dismissed for improper venue after the applicable statute of limitations had run. 380 U.S. at 430-32, 85 S.Ct. at 1055-57. See also Board of County Comm'rs of Madison County v. Grice, 438 So.2d 392, 395 (Fla. 1983) (Ehrlich, J., specially concurring) (transferring an action circumvents the operation of the statute of limitations and promotes the ends of justice). Had an action been filed in county court, we would have permitted the transfer of the action to circuit court. Had an action been filed in the wrong circuit, we would have permitted the transfer to the appropriate circuit. The application of this principle is even more compelling when the issue is simply which administrative agency or procedure will be utilized to review the pertinent finding.
In conclusion, we concur with Judge Zehmer that to deny relief in this case
does little to engender public confidence in the needed simplicity and certainty of the administrative process, which is a primary objective of the Administrative Procedure Act, chapter 120, Florida Statutes (1983). The present Florida Administrative Procedure Act was intended to simplify the administrative process and provide the public with a more certain administrative procedure, thereby insuring that the public would receive due process and significantly improved fairness *1137 of treatment, than was commonly afforded under the predecessor act.
502 So.2d at 445-46.
Accordingly, we hold that the doctrine of equitable tolling is applicable in this case. We find nothing in Hadley to suggest that equitable tolling cannot or should not apply under the circumstances here. Hadley merely held that Rule 22A-7.10(2), limiting an employee's appeal of abandonment to a petition for review of the facts without a hearing, does not violate due process. 411 So.2d at 189.
Finally, the Employer, as the party relying on the time limitation, clearly was not prejudiced by the delay since the Employer obviously was on notice that petitioner intended to appeal its determination of abandonment. We conclude that equity requires relief from the twenty-day appeal period in this case and remand with directions that petitioner shall be allowed to file a petition for review to the DOA.
It is so ordered.
OVERTON, EHRLICH, SHAW and KOGAN, JJ., concur.
GRIMES, J., dissents with an opinion, in which McDONALD, C.J., concurs.
GRIMES, Justice, dissenting.
I agree that application of the doctrine of equitable tolling should be permitted in Florida administrative proceedings under the proper circumstances. However, the facts of this particular case do not warrant the application of the doctrine.
The Department of Insurance specifically notified Machules in writing that he could appeal the termination of his employment by filing a petition for review with the Department of Administration within twenty days. Rather than doing so, he took the notice to his union representative who filed a contractual grievance on his behalf. The grievance was ultimately denied because it was not cognizable under the labor agreement and could only be appealed in the manner originally prescribed.
The majority reasons that Machules was misled or lulled into inaction simply because the Department of Insurance agreed to a date for a hearing on the grievance at a time which happened to be one day after the expiration of the original appeal time. Apparently, the majority feels that in the course of setting a time and place for the hearing, the department was obligated to warn Machules that he was pursuing the wrong remedy by seeking to obtain relief through the grievance procedure. I see no basis for the conclusion that the actions of the department misled or lulled Machules into inaction. To apply the doctrine on an ad hoc basis to bail out persons who mistakenly sleep on their rights will create too much instability.
This is not a case in which, because of doubt over the propriety of alternative remedies, the claimant sought to prosecute both of them at the same time. Here Machules had only one remedy, and despite the specific instructions how to pursue it, he failed to do so.
I would affirm the district court of appeal in refusing to permit Machules to file a late appeal.
McDONALD, C.J., concurs.
NOTES
[1] Rule 22A-7.10(2), renumbered as Rule 22A-7.010(2), effective November 14, 1985, provides:

(2) Abandonment of Position. 
(a) An employee who is absent without authorized leave of absence for 3 consecutive workdays shall be deemed to have abandoned the position and to have resigned from the Career Service. An employee who separates under such circumstances shall not have the right of appeal to the Career Service Commission; however, any such employee shall have the right to petition the Department of Administration for a review of the facts in the case and a ruling as to whether the circumstances constitute abandonment of position.
(b) Each employee separated under conditions of abandonment of position shall be notified in writing.... The employee may petition the Department of Administration for review of the action taken by the employing agency only within 20 calendar days after the date that written notification is effectuated.
A petition is timely made under this rule if postmarked within the 20-day period or if physically received in the Office of the Secretary of the Department of Administration within the 20-day period.
The decision of the Department of Administration on such a petition shall be final and binding on both the employee and the employing agency.
[2] As a threshold matter, we agree with Judge Zehmer that the 20-day appeal period is not jurisdictional in the sense that failure to comply is an absolute bar to appeal but is more analogous to statute of limitations which are subject to equitable considerations such as tolling. 502 So.2d at 444.
[3] The review process under this rule is not as clear as it might appear. In Hadley v. Department of Administration, 411 So.2d 184, 186-87 (Fla. 1982), this Court noted that the Department of Administration itself was confused as to when and how the appeal procedure under that rule would apply. In the present case, the Step 2 grievance procedure did include a finding that the Employer had established a prima facie case of abandonment, that "Mr. Machules was absent from his job assignment without authorized leave for the period January 25, 1985 through January 29, 1985." This determination suggests that the matter may have been resolved through the grievance process if the Employer had failed to make this prima facie showing.
[4] There is no question that Machules was asserting the same factual defense to the finding of "abandonment" in both actions. Machules claims that he did not "abandon" his job because on the morning of the third day, his supervisor visited him at home and, despite Machules' offer to return to work, told him to wait and return the following morning.