899 So.2d 1246 (2005)
Eric James BROWN, Appellant,
v.
STATE of Florida, DEPARTMENT OF FINANCIAL SERVICES, Appellee.
No. 4D04-855.
District Court of Appeal of Florida, Fourth District.
April 20, 2005.
Alan M. Herman and William Zeena, Jr., of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, Miami, and Fred N. Knopf and Ami Shah of Wilson, Elser, Moskowitz, *1247 Edelman & Dicker LLP, White Planes, New York, for appellant.
David J. Busch, Tallahassee, for appellee.
STEVENSON, J.
Eric James Brown appeals the Department of Financial Services' final order denying a motion to set aside a default revocation of his insurance license. Because factual issues were raised in the motion and accompanying affidavit, which should have been resolved via an administrative hearing, we reverse and remand. See § 120.57(1), Fla. Stat. (2002).
The final order of revocation was entered by "default" when appellant failed to request an administrative hearing within 21 days of receiving a copy of the administrative complaint. See Fla. Admin. Code R. 28-106.111(2). Less than a week after receiving a copy of the final order of revocation, appellant filed a letter of request with DFS to set aside the default revocation and requested an administrative hearing. In an affidavit filed with DFS, appellant stated that, after he received the administrative complaint, which was delivered to his business address on August 11, 2003, he mailed DFS a letter requesting additional information regarding the specifics of the allegations and received no response. In particular, appellant's affidavit asserted that he sent a letter to DFS requesting the names corresponding to the initials used in the administrative complaint. DFS apparently sent appellant a response to his inquiry by letter dated September 8, 2003, but appellant denied he received it. Appellant stated in the affidavit that he next heard from DFS when he received a copy of a default order revoking his insurance agent's license on December 4, 2003. Less than a week later, on December 10, 2003, appellant sent a letter to DFS requesting the default order of revocation be set aside. DFS summarily denied the "motion" without a hearing.
In his "motion," appellant stated he believed there was no need to request an administrative proceeding while he awaited a response from DFS to his inquiry letter concerning the complaint. Additionally, appellant maintained that since he did not know the identity of the customers at issue and had only their initials, he was unable to analyze the allegations against him and accurately respond to the administrative complaint prior to the expiration of the 21-day deadline. Florida courts have held that a late request for an administrative hearing is not a jurisdictional defect. See Patz v. Dep't of Health, 864 So.2d 79, 81 (Fla. 3d DCA 2003). We find appellant has made allegations which could create a situation where the doctrine of "equitable tolling" of his obligation to timely respond to the administrative complaint might be applicable.
In Machules v. Department of Administration, 523 So.2d 1132 (Fla.1988), the supreme court held that equitable tolling of time limits may apply to extend deadlines in administrative proceedings where the plaintiff has in some way been misled or lulled into inaction:
"The doctrine [of equitable tolling] serves to ameliorate harsh results that sometimes flow from a strict, literalistic construction and application of administrative time limits contained in statutes and rules."
Id. at 1134 (quoting Judge Zehmer's dissent in Machules v. Dep't of Admin., 502 So.2d 437, 446 (Fla. 1st DCA 1986)). The supreme court further noted that the equitable tolling doctrine "`focuses on the plaintiff's excusable ignorance of the limitations period and on [the] lack of prejudice to the defendant.'" 523 So.2d at 1134 (quoting Naton v. Bank of California, 649 *1248 F.2d 691, 696 (9th Cir.1981)), quoted in Cocke v. Merrill Lynch & Co., 817 F.2d 1559, 1561 (11th Cir.1987).
Because of the need to first make credibility and factual determinations concerning appellant's claims, we remand for an administrative hearing. See § 120.68(7)(a), Fla. Stat. (stating that "[t]he court shall remand a case to the agency for further proceedings ... when... [t]here has been no hearing prior to agency action and the reviewing court finds that the validity of the action depends upon disputed facts"). In so ruling, we express no opinion as to whether appellant will be able to prevail on the merits of his "equitable tolling claims."
REVERSED and REMANDED.
GUNTHER and STONE, JJ., concur.