SALTER, J.

ON MOTION FOR REHEARING

On consideration of the appellee’s motion for rehearing and motion for rehearing en banc, the Court grants the motion for rehearing, withdraws its opinion issued February 17, 2010, and substitutes the following opinion.
Sonia Gonzalez, a non-lawyer representing herself in this matter, appeals an order of the Florida Unemployment Appeals Commission (FUAC) dismissing as untimely her appeal of an adverse decision by an appeals referee with the Agency for Workforce Innovation. Because certain written notices issued by the Agency’s Office of Appeals during the period in which a request to re-open her hearing or a notice of *336 appeal would have been timely indicated that evidentiary hearings were still underway, we find that Ms. Gonzalez’s confusion as to the deadline was “occasioned by actions of the Commission” and warrants reversal and remand. Assam v. Fla. Unemployment Appeals Comm’n, 871 So.2d 978, 980 (Fla. 3d DCA 2004).

Background

Ms. Gonzalez worked for over 10 years for the employer, a day care center. In January 2009, Ms. Gonzalez and the employer vigorously disagree whether she was told by a representative of the employer that she was terminated (without further explanation) or was confronted about an alleged (though unspecified) cash discrepancy and then voluntarily walked out.
Her claim for unemployment benefits was allowed by the Agency, but the employer appealed. The Office of Appeals set a telephonic hearing regarding the claim, docket number “2009-15311U,” for March 25, 2009, but Ms. Gonzalez subsequently signed a sworn statement that she never received the notice. A review of the recorded hearing of March 25th indicates that the referee attempted unsuccessfully to call Ms. Gonzalez and then proceeded with the hearing. Based solely on the testimony provided by the employer’s des-ignees, the referee issued a decision the following day in favor of the employer and discontinuing benefits. On March 26, 2009, that decision was mailed to the parties. However, because that document contained a typographical error regarding the date upon which Ms. Gonzalez was determined to be disqualified to receive benefits, a corrected decision was certified to have been mailed by a deputy clerk of the Office of Appeals on April 7, 2009. Under applicable law and rule, a written request for reopening, or a notice of further appeal to FUAC,[1] by Ms. Gonzalez ordinarily would be required to be filed on or before April 27, 2009.
Meanwhile, however, the Office of Appeals had been issuing additional notices, each on a form nearly identical to the notices issued in docket number “2009-15311U,” and each addressed to Ms. Gonzalez and the employer and bearing Ms. Gonzalez’s Social Security number. These were issued under docket number “2009-14775E.” A notice issued on March 18, 2009 (12 days after the notice of hearing Ms. Gonzalez said she never received in the companion case) advised Ms. Gonzalez that a telephonic hearing would be conducted on April 2, 2009, before a different appeals referee than the one who conducted the employer-only telephonic hearing on March 25th. The March 18 notice included Ms. Gonzalez’s correct telephone number and instructed her that “you are responsible for removing any telephone service that could block the hearing officer’s telephone call.” The same notice also stated a few paragraphs below that:
Claimant: This hearing pertains only to the employer’s tax account and will not affect your qualification for unemployment compensation benefits.
Claimant: This hearing will not affect your qualification for benefits. Your participation is not required.
On April 2, 2009, Ms. Gonzalez was sent a “Notice of Continuance” advising her *337 that “[t]he hearing for this case, which was to be held on April 2, 2009, has been postponed. When the hearing is rescheduled, a Notice of Hearing will be mailed to all parties.” This notice was issued under docket number 2009-14775E, but it also bore Ms. Gonzalez’s name and address as “claimant/appellee,” her Social Security number, and the name and address of the “employer/appellant.” Significantly, this notice carried no legend indicating that it had nothing to do with Ms. Gonzalez’s pending opposition to her employer’s appeal to revoke her benefits.
On April 20, 2009, the Office of Appeals sent yet another “Notice of Unemployment Compensation Telephone Hearing” to Ms. Gonzalez for April 30th.[2] The notice, again carrying docket number 2009-14775E, also carried her name and address as “claimant/appellee,” her Social Security number, the name and address of her employer as “employer/appellant,” and directives to Ms. Gonzalez:
FAILURE TO KEEP A TELEPHONE LINE OPEN MAY RESULT IN AN UNFAVORABLE DECISION.
Claimant telephone number: [Ms. Gonzalez’s correct telephone number]. You are responsible for removing any telephone service that could block the hearing officer’s telephone call.
Several paragraphs below this directive on the April 20 notice there appeared the two notices to the claimant that had appeared on the March 18 notice and quoted earlier, to the effect that the hearing would only pertain to the employer’s tax account, would not affect Ms. Gonzalez’s qualification for benefits, and did not require her participation. Strangely, however, the very next line stated, in English, Spanish, and Creole, that “A translator has been scheduled for the claimant only.”
On May 5, 2009, Ms. Gonzalez went to the South Florida office of the Agency. From that office she faxed a handwritten summary of what she believed had occurred and asking that her case be reopened so that she could present her evidence to the deputy clerk of the Office of Appeals. On May 12, 2009, she delivered a further handwritten request for her case to be re-opened to the same deputy clerk. The Office of Appeals and FUAC rejected these submissions as untimely, but furnished her with the form for an “Affidavit of Filing of Appeal” with the instruction to “explain circumstances surrounding the late appeal” in “(CASE 2009/15311).” Ms. Gonzalez, representing herself, filled the one and one-half inch space provided on the FUAC form to state under oath:
I, Sonia Gonzalez, with [Social Security number], hereby request to REOPEN MY CASE and allow me a hearing since the State has disqualified me to receive unemployment benefits for not being present at a hearing on the 25 day of March 2009. I NEVER received a notice for that date and that is the reason why I didn’t appear.
In a sworn statement attached to the affidavit, she also proffered evidence to explain that she had not voluntarily left the job (rather, she asserted she had been fired by an employee who did not testify on behalf of the employer during the March 25 hearing in docket 2009-15311 or during the later hearing in docket 2009-14775E).
FUAC considered these submissions and entered an order determining that Ms. Gonzalez’s appeal from the referee’s decision[3] was not filed within 20 days, found *338 that it lacked jurisdiction to consider her attempts to appeal, and dismissed the case. Ms. Gonzalez then appealed to this Court.

Analysis

Although we have routinely upheld the: iron-clad principle that untimely appeals to the Unemployment Compensation Commission are generally barred. Having said that, we sympathize here with the appellant’s position that had the Commission not mailed out two separate letters creating two different twenty day periods, there would not have been confusion as to the appeal deadline. Florida courts under similar circumstances have excused untimeliness when occasioned by the actions of the Commission.
Assam, 871 So.2d at 980.
Indeed, there are numerous cases upholding benefits claimants’ rights of fundamental due process,[4] and FUAC has correctly acknowledged that the rationale is similar to the doctrine of equitable tolling, citing Machules v. Department of Administration, 523 So.2d 1132 (Fla.1988). In that case, an employee was terminated by the Florida Department of Insurance for abandonment (missing three consecutive workdays). The employee had the right to appeal to the Department of Administration within twenty days. The employee took the notice to his union, which filed a grievance under the applicable labor agreement. The employer then set a hearing date for the grievance. Following the hearing, the grievance was denied on the basis that the employee’s claim could not be asserted under the collective bargaining agreement, but instead only by appeal to the Department of Administration within the twenty days allowed by the Florida Administrative Code. The union then filed an appeal on behalf of the employee, but by that time the appeal period had expired. Our Supreme Court applied the equitable tolling doctrine, observing that the employer had “countenanced and acquiesced in the [employee’s] error by participating in the grievance process until after the appeal period had run.” Id. at 1134. The Court also noted the significance of the fact that the claimant was a lay person acting without counsel.
In this case, a reasonable person would think that the continuing notices of telephonic hearings meant that her case was pending and that she was being afforded additional opportunities to provide her testimony (and that of the other employee she maintains is the witness with actual knowledge of what occurred). In docket number 2009-15311U, the first decision was replaced by a second. The second was followed by notices in docket number 2009-14775E, indicating that additional evidentiary hearings would be forthcoming through and after the reopening/appeal period. Not until Ms. Gonzalez’s visit to the Agency’s office on May 5th did she apparently sort out the need to file a notice seeking re-opening or review. On that very date she faxed her request to re-open the hearing to the Office of Appeals. Here, as in Machules, the employer benefiting from the time limitation was not prejudiced by the employee’s delay (in Ms. Gonzalez’s case, *339 eight days) in asking that the case be reopened. Id. at 1137.
On this particular record, Ms. Gonzalez has not had an opportunity to present her evidence and has not been afforded fundamental due process. Additionally, the notices and explanations sent to her created doubt that the decision in docket number 2009-15311U of April 7, 2009, would be the final word from the Office of Appeals and would trigger her twenty-day period within which to seek to re-open or appeal the referee’s decision. As late as April 30, 2009, she could reasonably have believed that her appeal was still under consideration. By May 5, 2009, only five days later, she faxed a request to re-open the employer’s appeal to the Office of Appeals. FUAC’s notices and instructional materials did not explain why Ms. Gonzalez would be sent a notice of another telephonic hearing (with the separate docket number but same caption in all other respects) involving the same employer and termination issues, and why any testimony she might give pursuant to that notice would have no effect in the first appeal.
Our legislature has expressly directed that the unemployment benefits statutes “shall be liberally construed in favor of a claimant of unemployment benefits who is unemployed through no fault of his or her own.” Section 443.031, Fla. Stat. (2009). The Agency for Workforce Innovation and FUAC employ dedicated public servants who can find clear, simple language to explain the difference between the two types of notices when issuing a notice of hearing that only pertains to only one of the two related matters. The Agency and FUAC, no less than this Court, should strive for determinations on the merits when no prejudice has occurred and procedural due process has not been afforded.

Conclusion

For these reasons, we reverse FUAC’s order of dismissal and we remand this matter with instructions that the relevant appeal, docket number 2009-15311, be reopened for a further evidentiary hearing at which Ms. Gonzalez may present her own testimony and any other evidence she may wish to offer. We express no opinion on the merits of either party’s claims regarding the unemployment benefits in question.
Reversed and remanded.
Before RAMIREZ, C.J. and GERSTEN, WELLS, SHEPHERD, SUAREZ, CORTIÑAS, ROTHENBERG, LAGOA, SALTER and EMAS, JJ.

. As the Agency’s “Appeals Information” brochure, AWI Form Bulletin 6E (Rev. 08/07), describes, a claimant who has missed a hearing for non-notice or other compelling reason "may request re-opening within twenty calendar days after the decision was mailed." That request is sent to the Office of Appeals, not FUAC. During the same period, the claimant can appeal the referee's findings and decision; but that notice is to be sent to FUAC.

. The date for this scheduled hearing was three days after FUAC maintains Ms. Gonzalez's time to re-open or appeal had expired in docket number 2009-15311U.

. The FUAC order does not specify whether it *338 counted 20 days from the original decision of March 26 or from the corrected decision of April 7, 2009, but Ms. Gonzalez's appeal and request to re-open was faxed May 5, 2009 and would be late if either date controlled. Her appeal and request to re-open was timely, however, if the April 20, 2009 notice of hearing created confusion regarding the continued pendency of her claim for benefits and request to testify.

. See Frederick v. Fla. Unemployment Appeals Comm'n, 834 So.2d 957, 958 (Fla. 3d DCA 2003), and the cases cited there.