# Third District Court of Appeal

## State of Florida

Opinion filed September 18, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0118
Lower Tribunal No. 2023-066-DAO-ERP
_____

**601 Cuda Properties, LLC,**
Appellant,

vs.

**Monroe County Board of County Commissioners, et al.,**
Appellees.

An appeal from the Governing Board of the South Florida Water Management District.

Smith/Hawks, Christopher B. Deem, and Barton Smith, for appellant.

Robert C. Glass (West Palm Beach), Cynthia L. Hall, Senior Assistant Monroe County Attorney, and Robert B. Shillinger, Jr., Monroe County Attorney, for appellees.

Before LOGUE, C.J., and EMAS and MILLER, JJ.

MILLER, J.

601 Cuda Properties, LLC ("Cuda") appeals from the dismissal of its petition requesting a formal administrative hearing on the issuance of an environmental resource permit to Monroe County Board of County Commissioners. South Florida Water Management District dismissed the petition with prejudice on the grounds the challenged agency action further granted proprietary authorization to use sovereignty submerged lands and the request for hearing was not filed within 14 days of receiving notice, as is required for notices of consolidated intent. See § 373.427(2)(c), Fla. Stat. (2023) ("Any petition for an administrative hearing pursuant to ss. 120.569 and 120.57 must be filed within 14 days of the notice of consolidated intent to grant or deny."). In light of the fact that Cuda alleged in its petition that "[o]n November 20, 2023, SFWMD notified Petitioner's counsel by email of the proposed Agency Action," and the record reflects the petition was filed within 18 days, falling within the 21-day window provided by Florida Administrative Code Rule 28-106.111(2), rather than the 14 days required under section 373.427(2)(c), Florida Statutes, we affirm the dismissal. However, we reverse the "with prejudice" finding. Upon remand, Cuda may file an amended petition adding the claim of equitable tolling and raising the allegations regarding the nature of the permit at issue (which will govern whether the filing falls under Rule 28-106.111(2) or section 373.427(2)(c)).

2

See § 120.569(2)(c), Fla. Stat. (2023) (allowing for "equitable tolling as a defense to the untimely filing of a petition"); Machules v. Dep't of Admin., 523 So. 2d 1132, 1134 (Fla. 1988) (explaining that equitable tolling applies "when the plaintiff has been misled or lulled into inaction").

Affirmed in part, reversed in part.