# Third District Court of Appeal

## State of Florida

Opinion filed March 25, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2101
Lower Tribunal No. 2024-086-DAO-ERP
_____

**601 Cuda Properties, LLC, etc.,**
**Appellant**,

vs.

**Monroe County Board of County Commissioners and South Florida Water Management District,**
Appellees.

An Administrative Appeal from the South Florida Water Management District.

Smith/Hawks, and Barton W. Smith and Christopher B. Deem (Key West), for appellant.

Robert C. Glass and Alison K. Brown (West Palm Beach), for appellee South Water Management District; Joseph X. DiNovo, Assistant County Attorney, Monroe County Attorney's Office, for appellee Monroe County Board of County Commissioners.

Before SCALES, C.J., and LOGUE and LOBREE, JJ.

LOGUE, J.

Appellant 601 Cuda Properties, LLC, appeals the Governing Board of the South Florida Water Management District's Order dismissing its Amended Petition for Formal Administrative Proceeding with prejudice. Appellant alleges the District improperly dismissed its petition without first allowing an evidentiary hearing to determine whether equitable tolling applied. Because we conclude that the District was not required to conduct an evidentiary hearing as there were no factual issues in dispute, we affirm.

## Factual and Procedural History

In 2023, Appellant filed a petition requesting a formal administrative hearing on the issuance of an environmental resource permit to the Monroe County Board of County Commissioners. The District dismissed the petition with prejudice because the challenged agency action also granted proprietary authorization to use sovereignty submerged lands, which meant the deadline to request a hearing was 14 days from receipt of notice, and Appellant's petition was filed 18 days after Appellant received notice.

On appeal, this Court affirmed the dismissal of the petition as untimely but reversed the "with prejudice" portion of the order and remanded for further proceedings. See 601 Cuda Props., LLC v. Monroe Cnty. Bd. of Cnty. Comm'rs, 401 So. 3d 517, 518 (Fla. 3d DCA 2024). The Court instructed that on remand, Appellant "may file an amended petition adding the claim of

2

equitable tolling and raising the allegations regarding the nature of the permit at issue (which will govern whether the filing falls under [Florida Administrative Code] Rule 28-106.111(2) or section 373.427(2)(c)[, Florida Statutes, each of which sets different deadlines for seeking a hearing])." Id.

Appellant thereafter filed its Amended Petition. Specific to its claim of equitable tolling, Appellant alleged that the notice it received was called an "Individual Environmental Resource Permit." Appellant further alleged that the notice did not provide a specific deadline to request a hearing but rather contained multiple deadlines that might apply to all the various actions the District might take, including a 21-day deadline for appealing the issuance of an individual environmental resource permit. Appellant noted there was also a reference to a 14-day deadline for a "notice of consolidated intent to grant or deny . . ." but Appellant contended these terms were not used anywhere in the notice.

Appellant thus asserted equitable tolling was proper because the notice at issue stated it was for an individual environmental resource permit, there was no reference in the notice to a "consolidated notice of intent," and the notice contained contradictory deadlines. Appellant alleged it was challenging the issuance of an environmental resource permit, and the

3

original petition complied with the deadline for challenging an environmental resource permit.

The District once again dismissed Appellant's Amended Petition with prejudice, and it did so without an evidentiary hearing. In its dismissal order, the District noted Appellant did not allege that any communication with a District or County representative misled or lulled Appellant into believing that the 21-day deadline applied. The District further found that the permit contained reasonable notice of its consolidated nature, including ample language identifying itself as both an environmental resource permit and a sovereign submerged lands authorization. Finally, the District concluded that the notice clearly distinguished the application of differing deadlines and, because Appellant did not allege any misleading communications by District or County representatives, Appellant was not lulled or misled into noncompliance by the District or the County's actions. Instead, the District concluded, Appellant failed to comply with the applicable deadline due to its own mistake. This appeal timely followed.

## Analysis

This appeal essentially boils down to whether an evidentiary hearing was required to resolve the issue of equitable tolling and whether Appellant sufficiently pled a claim for equitable tolling of the filing deadline. Appellant

4

contends an evidentiary hearing was required and the District erred by making findings of fact and credibility determinations without conducting an evidentiary hearing. The District, in turn, responds that it accepted Appellant's allegations as true, rendering an evidentiary hearing unnecessary, and that the allegations were insufficient as a matter of law to support equitable tolling of the deadline to seek administrative review. We agree with the District's position and therefore affirm.

The problem with Appellant's position on appeal is that it fails to identify what the factual disputes below were. It contends the District improperly made findings of fact and credibility determinations without an evidentiary hearing but it fails to identify what these findings and determinations were. Instead, Appellant generally contends that the District concluded it was "allowed to determine the factual issues regarding the equitable tolling argument without a hearing." This is inaccurate.

Rather, what the District did was accept Appellant's allegations as true, except to the extent that they were directly contradicted by the evidence already in the record. Specifically, the District rejected Appellant's allegations in its Amended Petition relating to the notice Appellant received because it determined, based on its review of the notice provided, that the notice sufficiently advised Appellant that it concerned both an environmental

5

resource permit and an authorization for use of sovereign submerged lands. The District's conclusions in this regard are sound.

The notice at issue specifically admonished recipients in its very first paragraph to "[p]lease read this entire agency action thoroughly and understand its contents." Then, on its second page under "Project Summary," the notice clearly stated it was an "Environmental Resource Permit" that also "include[d] a Sovereignty Submerged Lands (SSL) public easement and letter of consent to authorize the activities of SSL." On page six, in turn, the notice contained an entire section titled "Sovereignty Submerged Lands" that indicated the proposed work was to occur on lands "located on SSLs – lands owned by the State of Florida" and that "[t]he District ha[d] determined that the activity qualifies for and requires a public easement[.]" Finally, page 20 of the notice, titled "Notice of Rights," contained the following:

> **RIGHT TO REQUEST ADMINISTRATIVE HEARING**
>
> A person whose substantial interests are or may be affected by the South Florida Water Management District's (District) action has the right to request an administrative hearing on that action pursuant to Sections 120.569 and 120.57, Florida Statutes. Persons seeking a hearing on a District decision which affects or may affect their substantial interests shall file a petition for hearing in accordance with the filing instructions set forth herein within 21 days of

6

> receipt of written notice of the decision unless one of the following shorter time periods apply: (1) within 14 days of the notice of consolidated intent to grant or deny concurrently reviewed applications for environmental resource permits and use of sovereign submerged lands pursuant to Section 373.427, Florida Statutes; or (2) within 14 days of service of an Administrative Order pursuant to Section 373.119(1), Florida Statutes. "Receipt of written notice of agency decision" means receipt of written notice through mail, electronic mail, posting, or publication that the District has taken or intends to take final agency action. Any person who receives written notice of a District decision and fails to file a written request for hearing within the time frame described above waives the right to request a hearing on that decision.

(emphasis added). The Notice of Rights placed Appellant on notice that the shorter 14-day deadline applied in situations involving both environmental resource permits and use of sovereign submerged lands, which the permit at issue clearly referenced on pages two and six.

In Machules v. Department of Administration, 523 So. 2d 1132 (Fla. 1988), the Florida Supreme Court held that equitable tolling of time limits may apply to extend deadlines in administrative proceedings where the plaintiff has in some way been misled or lulled into inaction. Id. at 1134 ("The doctrine [of equitable tolling] serves to ameliorate harsh results that sometimes flow from a strict, literalistic construction and application of administrative time limits contained in statutes and rules." (quoting Machules

7

v. Dep't of Admin., 502 So. 2d 437, 446 (Fla. 1st DCA 1986) (Zehmer, J., dissenting))). The Florida Supreme Court further noted that the equitable tolling doctrine "'focuses on the plaintiff's excusable ignorance of the limitations period and on [the] lack of prejudice to the defendant.'" Id. (quoting Cocke v. Merrill Lynch & Co., 817 F.2d 1559, 1561 (11th Cir.1987)). See also Brown v. State, Dep't of Fin. Servs., 899 So. 2d 1246, 1247–48 (Fla. 4th DCA 2005). "Generally, the tolling doctrine has been applied when the plaintiff has been misled or lulled into inaction, has in some extraordinary way been prevented from asserting his rights, or has timely asserted his rights mistakenly in the wrong forum." Machules, 523 So. 2d at 1134.

Here, as the District noted, Appellant has not alleged that any communication with a District or County representative misled or lulled Appellant into believing that the 21-day deadline applied. Instead, Appellant essentially contends that the notice itself somehow misled Appellant because it did not contain the words "notice of consolidated intent to grant or deny" and it was not titled a "consolidated notice of intent." Appellant, however, fails to cite any Florida law or administrative rule requiring this specific language.

Accordingly, because the notice here included ample language identifying that it was both an environmental resource permit and a sovereign

8

submerged lands authorization and Appellant failed to plead any facts establishing that it was somehow misled or lulled into inaction, Appellant has failed to establish entitlement to equitable tolling of the filing deadline.

## Conclusion

We affirm the District's Order Dismissing Appellant's Amended Petition for Formal Administrative Proceeding with Prejudice. Appellant has failed to demonstrate any reversible error on appeal. The District was not required to conduct an evidentiary hearing because there were no factual issues in dispute. The District instead properly concluded as a matter of law that Appellant was not entitled to equitable tolling of the deadline to request a hearing, and Appellant has not challenged this legal conclusion.

Affirmed.