417 So.2d 846 (1982)
MANASOTA-88, INC., Appellant,
v.
STATE of Florida, DEPARTMENT OF ENVIRONMENTAL REGULATION, Appellee.
No. AD-338.
District Court of Appeal of Florida, First District.
July 13, 1982.
Thomas W. Reese, St. Petersburg, for appellant.
David M. Levin, Asst. Gen. Counsel, Dept. of Environmental Regulation, Tallahassee, for appellee.
JOANOS, Judge.
Manasota-88, Inc., appeals from the Department of Environmental Regulation's (DER) denial of its request for an administrative hearing pursuant to Section 120.57(2), Florida Statutes. We reverse.
The record in this case reveals that in November of 1980 after DER issued a revised operating permit for a crude oil splitter operated by Manatee Energy Company, it sent a letter to Mr. and Mrs. Rains informing them of this action.[1] Mrs. Rains is Chairman of Manasota-88, Inc. Mrs. Rains immediately wrote a letter protesting the action and asking for more information. More correspondence subsequently passed between Rains and DER, including a letter informing Rains of a second change or clarification in the operating permit.
On March 4, 1981, Manasota-88, Inc. filed a petition for an informal de novo administrative proceeding concerning these two *847 permit revisions. DER denied the petition on the basis that (1) Manasota-88, Inc., had received actual notice of DER's actions and the notice constituted a clear point of entry to Section 120.57 proceedings, (2) the petition was not timely filed pursuant to Rule 17-1.62, Florida Administrative Code, which requires filing within fourteen days after written notice of agency action, and (3) Manasota-88, Inc., failed to allege that it has been or will be substantially affected by the agency's actions and, therefore, has no standing.
As for the first point, the letters from DER to Rains failed to mention Manasota-88's right to request a hearing, to set forth the time limit for requesting a hearing, and to refer to the applicable procedural rules of the agency. Thus DER failed to meet the requirements for providing a clear point of entry to Chapter 120 proceedings. Sterman v. The Florida State University, 414 So.2d 1102 (Fla. 1st DCA 1982); Dickerson, Inc. v. Rose, 398 So.2d 922 (Fla. 1st DCA 1981). DER's own rule setting the time for requesting a hearing at fourteen days did not specify what must be included in the contents of the notice sent to an affected person. Rule 28-5.111, Florida Administrative Code. To the extent that the agency does not adopt a comprehensive rule on the subject matter, the Model Rules apply. See, Citizens of the State of Florida v. Mayo, 357 So.2d 731 (Fla. 1978).
On the second issue, it follows that since the letters from DER to Rains did not constitute a clear point of entry to Chapter 120 proceedings, the petition for an administrative proceeding filed March 4, 1981, was not untimely.
As for the question of standing, DER concedes that Manasota-88, Inc. would have had sufficient standing in November of 1980 to have requested a hearing, but adheres to its position that the petition does not contain sufficient factual allegations. Under these circumstances, Manasota-88, Inc., should have been given an opportunity to amend. All Risk Corporation of Florida v. State of Florida, Department of Labor and Employment Security, 413 So.2d 1200 (Fla. 1st DCA 1982), [7 FLW 668].
REVERSED and REMANDED for further proceedings consistent with this opinion.
THOMPSON and WIGGINTON, JJ., concur.
NOTES
[1] Mr. and Mrs. Rains were members of the Izaak Walton League, an organization which participated in Chapter 120 proceedings regarding the original permitting of the crude oil splitter. Manasota-88, Inc. is a nonprofit corporation which is organized for the purpose of protecting and preserving the environmental health and welfare of Manatee and Sarasota Counties and the citizens of those counties.