490 So.2d 1356 (1986)
CITY OF ST. CLOUD, Appellant,
v.
DEPARTMENT OF ENVIRONMENTAL REGULATION, Appellee.
No. 85-1417.
District Court of Appeal of Florida, Fifth District.
July 10, 1986.
*1357 H.R. Thornton, Jr., City Atty., St. Cloud, for appellant.
Vivian Feist Garfein, Asst. Gen. Counsel, Tallahassee, for appellee.
COBB, Judge.
The issue in this appeal is whether appellant, City of St. Cloud (St. Cloud) timely filed a petition for an administrative hearing with appellee, Department of Environmental Regulation (DER).
On July 24, 1985, a letter was sent by the DER to James W. Wells, an engineer working for Marion Properties & Investment, Inc., the applicant for a waste water treatment and disposal system. The letter simply requested that Wells publish the notice of proposed agency action attached to the letter. The notice was subsequently published on July 31, 1985. A copy of the letter and the notice attached thereto were received by the St. Cloud city engineer on July 29, 1985.
On August 14, 1985, St. Cloud filed its Petition for Administrative Proceeding with the Department of Environmental Regulation. On August 27, 1985, DER filed a final order denying the city's petition based on a finding that the petition was received more than 14 days after the city had actual notice of the planned granting of the permit on July 29 and, thus, the appeal was untimely.[1]
*1358 St. Cloud contends that the DER erred in finding the petition for hearing untimely, since the petition was filed within 14 days from the publication date of July 31, 1985. DER counters that the city had actual notice of the proposed action when the city engineer received the letter on July 29, 1985.
Notice of agency action which does not inform the affected party of his right to request a hearing, and the time limits for doing so, is inadequate to provide a clear point of entry to the administrative process. An agency seeking to establish waiver based on the passage of time following actions claimed as final must show that the party affected by such action has received notice sufficient to commence the running of the time period within which review must be sought. Henry v. State Dept. of Administration, 431 So.2d 677 (Fla. 1st DCA 1983). The notice must contain a statement concerning a right to a hearing, set forth a time limit for requesting a hearing, and refer to the applicable procedural rules of the agency. See Manasota-88, Inc. v. State of Florida Dept. of Environmental Regulation, 417 So.2d 846 (Fla. 1st DCA 1982), and Florida Administrative Code Rule 28-5.111(1), which provides that "[t]he notice shall state the time limit for requesting a hearing and shall reference the Agency's procedural rules."[2]
In the instant case, the letter sent to the engineer did not reflect any time period for filing a petition for administrative hearing, but merely contained instructions on publishing the notice of proposed action. The letter did, however, state: "This notice constitutes official notice of intended agency action to all concerned." Presumably, "this notice" refers to the notice of proposed agency action which states that a hearing must be requested within 14 days of publication. Since the notice was published on July 31, 1985, the 14-day period ran on August 14, 1985, the date St. Cloud filed its petition for hearing.
The receipt of the letter by the city engineer on July 29, 1985, was insufficient to begin the tolling of time to file a petition for administrative hearing. The only time limit in the letter for the filing of a petition for hearing was 14 days from the date of publication of the notice. Since the city timely complied with this requirement, the petition was wrongfully denied. Accordingly, the decision of the Department of Environmental Regulation is reversed.
REVERSED and REMANDED FOR HEARING.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] Florida Administrative Code Rule 17-103.155 provides, in pertinent part:

Petition for Administrative Hearing; Waiver of Right to Administrative Proceeding.
(1)(a) Any person whose substantial interests may be affected by proposed or final agency action may file a petition for administrative proceeding. A petition shall be in the form required by this Chapter and Chapter 28-5, F.A.C., and shall be filed (received) in the Office of General Counsel of the Department within fourteen (14) days of receipt of notice of proposed agency action or within fourteen (14) days of receipt of notice of agency action whenever there is no public notice of proposed agency action. In addition to the requirements of Rule 28-5.201, F.A.C., the petition must specify the county in which the project is or will be located.
(b) Failure to file a petition within fourteen (14) days of receipt of notice of agency action or fourteen (14) days of receipt of notice of proposed agency action, whichever notice first occurs, shall constitute a waiver of any right to request an administrative proceeding under Chapter 120, F.S. (Emphasis added.)
* * * * * *
(2)(a) "Receipt of notice of agency action" means receipt of written notice of final agency action, as prescribed by Department rule, or the publication, pursuant to Department rule, of notice of final agency action, whichever first occurs.
(b) "Receipt of notice of proposed agency action" means receipt of written notice (such as a letter of intent) that the Department proposes to take certain action, or the publication pursuant to Department rule of notice of proposed agency action, whichever first occurs.
[2] Pursuant to Florida Administrative Code Rule 17-103.010, proceeding in the Department of Environmental Regulation are to be conducted pursuant to Chapter 28-5, except where specific rules are promulgated. Chapter 17 of the Florida Administrative Code relating to the D.E.R. does not specifically provide for the contents of a notice to a party.