523 So.2d 712 (1988)
LAMAR ADVERTISING COMPANY, Appellant,
v.
DEPARTMENT OF TRANSPORTATION and Headrick Outdoor Advertising, Appellees.
No. 87-1050.
District Court of Appeal of Florida, First District.
April 6, 1988.
Barbara W. Palmer of Beggs & Lane, Pensacola, for appellant.
Gregory G. Costas, Appellate Atty., and Thomas H. Bateman, III, General Counsel, Dept. of Transp., Tallahassee, for appellees.
ERVIN, Judge.
Lamar Advertising Company appeals a final order of the Department of Transportation (DOT), dismissing a request for administrative hearing as untimely and denying a sign permit application. Finding that *713 Lamar had a clear point of entry into the administrative process, we affirm the order of the department.
Appellant argues that the agency did not provide it a clear point of entry for an administrative appeal because the notice of agency action given by DOT did not track the department's rule requiring the notice of the sign permit denial to state that "the Department's action shall become conclusive and final agency action if no request for a hearing is filed within thirty days of receipt of the notice of the Department's intended action." Florida Admin. Code Rule 14-10.004(8)(a)3 (e.s.). While the department's notice did not use the term, "final agency action," the agency's memorandum of returned application clearly informed appellant that the application had been denied and that appellant had the right to request a § 120.57 hearing within 30 days of the date of the notice. In our judgment it should have been readily apparent to the applicant that if it failed to exercise its right to seek administrative review within the time specified in the notice, the consequence was that such relief would be considered waived.
Accordingly, we fail to see how appellant was prejudiced by the notice provided. Compare Henry v. State, Department of Administration, 431 So.2d 677, 679 (Fla. 1st DCA 1983), holding the department's letter of determination "did not bear the hallmarks of finality required for final orders affecting substantial interests in that it failed to inform appellant of his right to request administrative review and failed to state the time within which he was required to request proceedings under Section 120.57." We therefore conclude that Lamar was provided a clear point of entry to the administrative process, and that DOT was under the circumstances correct in dismissing the appeal.
AFFIRMED.
SMITH, C.J., and NIMMONS, J., concur.