526 So.2d 988 (1988)
CAPITAL COPY, INC., Appellant,
v.
UNIVERSITY OF FLORIDA, Appellee.
No. 87-1842.
District Court of Appeal of Florida, First District.
June 1, 1988.
Jeffrey Solomon of Ferdie & Gouz, Coral Gables, for appellant.
Joseph T. Baron, Jr., Associate General Counsel, University of Florida, Gainesville, for appellee.
ERVIN, Judge.
Finding appellant Capital Copy, Inc., was provided no clear point of entry into the administrative process, we reverse an order issued by the University of Florida (University), dismissing a bid protest filed by appellant.
Section 120.53(5)(a), Florida Statutes (1987), provides that the notice of decision to accept or reject a bid shall contain the following statement:
Failure to file a protest within the time prescribed in s. 120.53(5), Florida Statutes, shall constitute a waiver of proceedings under chapter 120, Florida Statutes.
The notice of decision, posted by the University on October 1, 1987, in its bid tabulation, was defective in that it failed to contain the above statutory notice.[1] The failure to include the statutory notice, or words of substantially similar effect, in the posted bid tabulation resulted in appellant's not receiving a clear point of entry to protest the award of the bid to the successful bidder. See Henry v. State, Department of Administration, 431 So.2d 677, 679 (Fla. *989 1st DCA 1983), holding the department's letter of determination "did not bear the hallmarks of finality required for final orders affecting substantial interests in that it failed to inform appellant of his right to request administrative review and failed to state the time within which he was required to request proceedings under Section 120.57." Compare Lamar Advertising Co. v. Department of Transportation, 523 So.2d 712 (Fla. 1st DCA 1988), observing that although the department's notice did not use the term "final agency" action as specifically required in the department's rule, it did advise applicant that his permit had been denied and that he had the right to request a 120.57 hearing within 30 days of the date of the notice.
In concluding that appellant was never provided a clear point of entry, we find it unnecessary to decide whether appellant's notice of protest was timely filed.
The order dismissing the bid protest is reversed, the cause is remanded, and the University is directed to allow appellant to pursue its bid protest pursuant to section 120.53(5).
BOOTH and WENTWORTH, JJ., concur.
NOTES
[1] The bid tabulation listed the vendors submitting bids and circled the name of one of the bidders.