THOMPSON, Judge.
Northrop and Northrop Building Partnership (Northrop) appeals an order of the Department of Corrections (DOC) which denied Northrop’s request for a formal hearing on its bid protest. We reverse.
Northrop contends that the DOC failed to provide notice of its bid decision in accordance with the requirements of § 120.53(5), Fla.Stat., and that therefore Northrop’s formal protest was timely and should not have been denied.
The DOC solicited proposals regarding its desire to lease space in which to locate the Milton Probation and Parole Office. Northrop was an unsuccessful bidder. Section 120.53(5), Fla.Stat. provides that an agency which engages in a contract bidding *1250 process shall provide notice to bidders of its decision either by posting at the location where the bids were opened, or by certified U.S. mail, return receipt requested. In this case the DOC did neither. Instead, the DOC’s regional budget manager contacted Northrop by telephone to advise Northrop that its bid had been rejected. Section 120.53(5) further directs that the required notice shall contain the statement: “Failure to file a protest within the time prescribed in s. 120.53(5), Florida Statutes, shall constitute a waiver of proceedings under chapter 120, Florida Statutes.” The notice afforded by the DOC to Northrop did not contain this statutorily mandated statement. Section 120.53(5)(b) requires the unsuccessful bidder to file a written notice of protest within 72 hours of receipt of the notice of decision or its posting, and to file a formal written protest within 10 days. Northrop provided the DOC with written notice of protest the same day it received the telephone call advising it of the DOC’s decision, but did not file its formal written protest until more than one month later. The DOC refused to consider Northrop’s protest of the decision, stating that Northrop’s failure to timely file its formal written protest constituted a waiver of Ch. 120 proceedings.
Since the DOC failed to provide notice of its decision as required by § 120.53(5), Northrop’s delay in filing its written protest did not constitute a waiver of Ch. 120 proceedings. Accordingly, its formal protest should not have been denied as untimely. Capital Copy, Inc. v. University of Florida, 526 So.2d 988 (Fla. 1st DCA 1988). See also § 120.68(8), Fla.Stat.
Reversed and remanded for further agency action.
NIMMONS and BARFIELD, JJ., concur.