561 So.2d 15 (1990)
Lewis STEWART, Appellant,
v.
DEPARTMENT OF CORRECTIONS and Public Employees Relations Commission (Interested Party), Appellees.
No. 89-3129.
District Court of Appeal of Florida, Fourth District.
May 9, 1990.
*16 Robert L. Saylor of Saylor & Lerman, P.A., West Palm Beach, for appellant.
Lynne T. Winston, Asst. Gen. Counsel, Dept. of Corrections, Tallahassee, for appellee  Dept. of Corrections.
PER CURIAM.
We reverse. Where appellant's attorney filed a notice of appeal to the Public Employees Relations Commission one business day after the time limitation had run, the trial court erred in not applying the doctrine of equitable tolling and allowing appellant to pursue the appeal of his dismission of employment.
In Machules v. Dept. of Admin., 523 So.2d 1132 (Fla. 1988), the supreme court held that equitable tolling focuses on the plaintiff's excusable ignorance of the limitations period and on the lack of prejudice to the defendant. It concluded that "equitable tolling, unlike estoppel, does not require active deception or employer misconduct, but focuses rather on the employee with a reasonably prudent regard for his rights."
In the instant case, appellant's attorney filed one day late, which neither party alleged caused the agency prejudice. Therefore, reasonably prudent regard for appellant's rights dictates that the doctrine of equitable tolling be applied, and that the appellant be allowed to pursue his appeal.
REVERSED.
WALDEN, GUNTHER and GARRETT, JJ., concur.