578 So.2d 883 (1991)
SOUTHEAST GROVE MANAGEMENT INC. and Florida Farm Bureau Mutual Insurance Co., Appellants,
v.
Joyce McKINESS, Donald R. Fox, Jr. and Delores W. Fox D/B/a Don Fox Groves, and Marcus D. Alston, D/B/a Alston Groves, Appellees.
Nos. 90-2249 through 90-2251.
District Court of Appeal of Florida, First District.
May 3, 1991.
*884 Arthur J. England, Jr., of Fine, Jacobson, Schwartz, Nash, Block & England, Miami, for appellants.
Thomas R. Weller, Homestead, for appellees.
ERVIN, Judge.
This is a consolidated appeal in which Southeast Grove Management, Inc. (Southeast), and Florida Farm Bureau, Southeast's surety, appeal the final orders the Department of Agriculture and Consumer Services entered against them in favor of Joyce McKiness, Marcus Alston, and Donald Fox (the producers or growers). We reverse the orders and remand for further proceedings.
Southeast is a dealer in agricultural products that picks fruit from individual groves, then takes it to the packing house where it is graded, sized, and shipped to be sold at prices according to size. In the cases at bar, Southeast picked limes for Don Fox Groves, Inc., and Joyce McKiness, and mangoes for Alston Groves. The appellees thereafter claimed that Southeast owed them additional monies over the amounts they were paid.
Each producer filed complaints against Southeast with the department pursuant to Section 604.21(1), Florida Statutes (1989).[1] The department notified Southeast and its insurer of the complaints, pursuant to section 604.21(2),[2] enclosed copies of the complaints, *885 and requested either an admission or a denial of the claims or satisfaction of the matters complained of within twenty-five days. Appellants were also given the opportunity to request a hearing on the complaint under Section 120.57, Florida Statutes (1989). Neither Southeast nor Florida Farm Bureau responded to the notice. Thereafter, the department entered a consolidated nonfinal order against Southeast for the full amount each appellee claimed: $39,167.58 to Alston, $5,560.08 to McKiness, and $999.40 to Fox.[3] Southeast then requested hearings pursuant to section 120.57(1).
None of the growers was represented by counsel at the hearings, although Southeast was. Each of the parties brought a variety of documentation for purposes of substantiating the amounts each claimed were due. It is clear from the record that when testifying, Southeast's witness relied in large part on computer-printout accounting summaries which listed information such as the number of bushels picked, the percentage each producer claimed were saleable, the percentage actually sold, the price each producer claimed per bushel, the price actually paid, picking and inspection fees, etc.[4]
We do not need to recount the details of the recommended orders, except to say that in each of the orders, the hearing officer stated, "The burden of proof is on the Petitioner [the producer] in this proceeding, and Petitioner has failed to meet that burden." The only amounts the hearing officer recommended that Southeast be ordered to pay were amounts Southeast admitted it owed: $6,986.17 to Alston, $393.36 to McKiness, and $187.06 to Fox.
In the final orders entered in each of the three cases, the department concluded that "the proceedings on which the Hearing Officer's findings were based do not comply with essential requirements of law within the meaning of Subparagraph 120.57(1)(b)10, Florida Statutes," and thus rejected the hearing officer's findings. The department found that Southeast failed to properly account to the producers pursuant to Section 604.22(1), Florida Statutes (1989),[5] that Southeast did not tender any accounting to the producers until the formal hearing, and that even these were incomplete. Contrary to the hearing officer's conclusion that the producers had the burden of proof and failed to meet it, the department found that because Southeast had breached its statutory and fiduciary duties to tender an accounting to the producers, *886 the burden had shifted to Southeast before the producers filed their complaints against Southeast. The department also concluded that such breach precluded Southeast as a matter of law from introducing the evidence it submitted at the final hearings. Therefore, because there was no competent, substantial evidence to refute the department's nonfinal order or the growers' sworn complaints, the department ordered appellants to pay the growers the full amounts they originally claimed they were owed.
We reverse the final orders entered, on the primary ground that the department improperly imposed a conclusive presumption of law upon appellants by holding that the producers were entitled to the amounts claimed in their complaints once Southeast had failed to furnish appellees an accounting within forty-eight hours of the sale, as required by section 604.22(1). In so holding, we first consider that the department was in error in concluding that, as a consequence of Southeast's alleged violation of section 604.22(1), the evidence it presented at the hearings should have been stricken. The department characterized Southeast's alleged violation as a waiver of its right to introduce evidence, or conduct that estopped it from producing evidence. We disagree. In the first place, waiver is the intentional relinquishment of a right, and is considered a question of fact. Davis v. Davis, 123 So.2d 377 (Fla. 1st DCA 1960). The record does not support, the hearing officer did not find, and even the department did not find as a fact that Southeast waived its right to present evidence. Instead, the department erroneously found waiver as a matter of law.
In addition, estoppel must be specifically pled and proved. Department of Revenue v. Hobbs, 368 So.2d 367 (Fla. 1st DCA), appeal dismissed, 378 So.2d 345 (Fla. 1979). The producers, however, neither pled this issue nor raised it as an issue at the hearings. Equitable estoppel generally consists of words or conduct which causes another person to believe a certain state of things exists, and to consequently change his or her position in an adverse way. Kuge v. Department of Admin., Div. of Retirement, 449 So.2d 389 (Fla. 3d DCA 1984). Estoppel by silence or inaction will be found only when the other party is misled to his or her injury. Ennis v. Warm Mineral Springs, Inc., 203 So.2d 514 (Fla. 2d DCA 1967), cert. denied, 210 So.2d 870 (Fla. 1968). There is nothing in the record that indicates that the producers were misled or changed their positions in reliance upon the alleged statutory violation by Southeast. Facts supporting a finding of either estoppel or waiver simply were not proven.
Although we reverse the department's final orders, our reversal does not require acceptance of the hearing officer's recommended findings. Those findings were themselves flawed; consequently, the case must be remanded for further evidentiary proceedings. At the hearings, the hearing officer required the producers to prove the allegations of their complaints, whereas the burden should have been on Southeast to disprove the department's nonfinal order. According to section 604.21(2), once the department has notified a dealer of a complaint against that dealer, the dealer is afforded the opportunity to request a hearing on the complaint. Once Southeast did not respond to the department's notice within twenty-five days, as required by the statute, the department entered a nonfinal order granting the relief each producer sought. Section 604.21(5) then provides,
Any order entered by the department pursuant to this section shall become final 14 days after issue if neither the department nor a party whose material interest is affected by the order requests a hearing on the order within 14 days following the date of issue.
(Emphasis added.) Southeast did timely request a hearing within fourteen days after entry of the nonfinal order, but the hearing officer erroneously conducted the hearings de novo, requiring the producers to carry the burden of establishing the allegations of their complaints, although the department had previously ruled in their favor on their complaints. Because *887 Southeast had already waived its clear point of entry to request hearings on the complaints,[6] the hearings that were conducted should have been hearings on the findings recited in the order, with Southeast carrying the burden of showing by competent, substantial evidence that such findings were incorrect.
Although we agree with the department that Southeast was required to meet this evidentiary burden, we do not agree that Southeast should have been precluded from producing evidence. By barring such evidence, the department concluded, in effect, that Southeast's alleged failure to provide an accounting within forty-eight hours of sale created a conclusive presumption in favor of the producers. We regard the nonfinal order instead as creating only a rebuttable presumption that the growers were entitled to the monies claimed  a presumption that could be disproved by Southeast's presentation of credible evidence to the contrary. Cf. Caldwell v. Division of Retirement, 372 So.2d 438 (Fla. 1979); see also § 90.302, Fla. Stat. (1989).
In view of our decision on this matter, we do not reach any of the other issues the parties raised. Accordingly, we REVERSE and REMAND these cases for new hearings consistent with this opinion.
JOANOS and MINER, JJ., concur.
NOTES
[1] Section 604.21(1) provides, in part,

Any person claiming himself to be damaged by any breach of the conditions of a bond or certificate of deposit assignment or agreement given by a licensed dealer in agricultural products as hereinbefore provided may enter complaint thereof against the dealer and against the surety, if any, to the department, which complaint shall be a written statement of the facts constituting the complaint.
[2] Section 604.21(2) provides,

Upon the filing of such complaint in the manner herein provided, the department shall investigate the matters complained of; whereupon, if, in the opinion of the department, the facts contained in the complaint warrant such action, the department shall send to the dealer in question, by certified mail, notice of the filing of the complaint. Such notice shall be accompanied by a true copy of the complaint. A copy of such notice and complaint shall also be sent to the surety company, if any, that provided the bond for the dealer, which surety company shall become party to the action. Such notice of the complaint shall inform the dealer of a reasonable time within which to answer the complaint by advising the department in writing that the allegations in the complaint are admitted or denied or that the complaint has been satisfied. Such notice shall also inform the dealer and the surety, if any, of a right to a hearing on the complaint, if requested.
[3] Section 604.21(4) provides:

If the dealer, in his answer, denies the allegations of the complaint and waives a hearing, the department may order a hearing or enter an order based on the facts and circumstances set forth in the complaint and the respondent's answer thereto. If the department determines the complaint has not been established, the order shall, among other things, dismiss the proceedings. If the department determines that the allegations of the complaint have been established, it shall enter its findings of fact accordingly and thereupon enter its order adjudicating the amount of indebtedness due to be paid by the dealer to the complainant.
(Emphasis added.)
[4] We question the admissibility of these summaries on remand. See Johnson v. Department of Health & Rehab. Servs., 546 So.2d 741 (Fla. 1st DCA 1989).
[5] Section 604.22(1) provides, in part, "An account of sales shall be furnished each producer within 48 hours after the sale of such agricultural products." The accounting is required to show the sale price, adjustments and an explanation thereof, marketing costs, and the net amount due the producer.
[6] The notice of the filing of complaint, forwarded to appellants by the department, clearly notified them of the necessity of submitting responses, and of their right to request a hearing, within twenty-five days from the date of notice. Although the notice did not specifically advise the appellants that if they failed to respond or request a hearing within the time specified, the relief afforded would be considered waived, we are of the view that the failure to so explicitly state could not have prejudiced appellants due to the other language in the notice advising them of a clear point of entry. See Lamar Advertising Co. v. Department of Transp., 523 So.2d 712, 713 (Fla. 1st DCA 1988).