PER CURIAM.
Genera] Motors Corporation (GM) sent written notice to Gus Machado Buick-GMC, Inc. (Machado) that its dealership agreements were being terminated for ceasing to operate the dealership for more than 10 days. This remedy is expressly provided for in subsections 320.641(4) and (5), Florida Statutes (1989). The notice was received by Machado on March 7, 1991. On March 22 at 4:55 p.m., Machado sent a petition to the Department of Highway Safety and Motor Vehicles (department) contesting the termination. This notice was transmitted by telecopier (fax) machine and the date and time of the transmission and receipt are established for the record. The department referred the matter to the Division of Administrative Hearings (DOAH) where GM moved to dismiss the petition as untimely. It relied on section 320.641(5) which provides:
[I]f a motor vehicle dealer has abandoned his franchise agreement as provided in subsection (4), the [manufacturer] may give written notice to the dealer and the department of the [manufacturer’s] intention to discontinue, cancel, or fail to renew the franchise agreement with the dealer at least 15 days before the effective date thereof, specifying the grounds for such action. A motor vehicle dealer receiving such notice may file a petition or complaint for determination of whether in fact there has been an abandonment of the franchise.
GM showed that F.A.C. Rule 15-1.001(4) provides that the agency’s hours of operation are 8:00 a.m. to 4:30 p.m., Monday through Friday. As the petition was not filed until after 4:30 on March 22, it was subject to filing, as it was so stamped, on the following work day, March 25. This would be untimely if, as GM contends, the petition must be filed within 15 days of receipt of the notice. GM showed that in a similar case decided by the agency in 1990, a hearing officer construed the statute to require a filing of the petition within 15 *638 days of receipt of the notice. That recommended order was adopted by the agency’s final order. Mandel v. General Motors, (Fla. Dept. of Highway Safety and Motor Vehicles April 30, 1990). This order was not appealed.
The DOAH hearing officer denied the motion and GM now petitions this court for review of the order which denied the motion to dismiss. It is argued that appellate review of the final agency decision will not provide an adequate remedy. If required to wait, GM would be prevented from establishing a replacement dealer and consumers in the area who have purchased the company’s products would be denied access to a reasonably convenient service facility. On the merits, GM points to the agency’s rule, which provides that the business hours terminate at 4:30 p.m. It also reiterates the construction of section 320.-641(5) which was adopted by the agency in the Mandel case. That is, if the statute is not read to require a petition be filed within 15 days, the 15-day notice period created by the statute would become meaningless. The manufacturer would be unable to successfully negotiate a franchise agreement with another individual until the right of the previous franchisee to continue the business had been finally resolved. This statute, according to petitioner, provides for different procedures than the 90-day notice period required for normal cancellations. See §§ 320.641(l)-(3), Fla.Stat. (1989). Petitioner urges this court to construe the statute to avoid an absurd result and to give deference to the agency’s interpretation.
Petitioner argues that where the petition is filed after the close of the business day, it is properly regarded as filed the following day which in this case renders it untimely and creates a jurisdictional defect.
We find that the hearing officer correctly addressed the legal questions presented in this dispute and we deny the petition for review of non-final agency action. He noted that while the statute provides that the notice shall become effective within 15 days of receipt, it does not expressly prescribe a time within which the dealer must file a petition. The hearing officer discussed the Mandel order and found it unpersuasive. The Mandel decision was described, correctly we believe, as searching for and creating a limitation period and then treating the period as jurisdictional. If the legislature meant to impose so brief a period to invoke the jurisdiction of the department, it would have done so explicitly. The appellate courts have not viewed favorably arguments that short delays in requesting a hearing should result in a forfeiture of substantive rights. Stewart v. Department of Corrections, 561 So.2d 15 (Fla. 4th DCA 1990). The hearing officer also noted that the notice sent to Ma-chado by GM did not state that a petition to contest the termination had to be filed within 15 days.
Because we find that the order here sought to be reviewed was correct, we deny the petition for review of non-final administrative action and disapprove the result reached by the department in Man-del.
PETITION DENIED.
SHIVERS, C.J., and JOANOS and ZEHMER, JJ., concur.