LEHAN, Acting Chief Judge.
We affirm the dismissal by the Department of Environmental Regulation (DER) of the petition of the City of LaBelle for an administrative hearing to contest the application of Bio-Med Services, Inc. for a permit to construct a biological waste incinerator facility. The dismissal was based on the City’s failure timely to file its petition. Florida Administrative Code Rule 17-103.-155 provides that such a petition “must be filed” within fourteen days “after receipt or publication (whichever comes first) of notice of proposed agency action” and that failure timely to file the petition “within the applicable time period” constitutes a waiver of the right “to request an administrative proceeding under chapter 120, F.S. of Florida Statutes.”
The City concedes that its petition was not filed within fourteen days following the City’s receipt of DER’s certified mail notice of its proposed issuance of the permit. The notice stated that failure to file such a petition within fourteen days would constitute a waiver of the right to an administrative proceeding. The City asserts that its petition was filed within fourteen days following the subsequent publication in a newspaper of the notice and that that portion of the rule prescribing a fourteen-day period after receipt of actual notice exceeded the permissible scope of DER’s rule-making authority. The City’s argument is that the validity of rule 17-103.155 must be measured against section 403.815, Florida Statutes (1989), and that publication pursuant to section 403.815 is the exclusive means of providing notice of a pending application.[1]
*209 We do not agree with the City’s contention. Section 403.815 refers to, and must be read in conjunction with, section 120.-60(1) which, in turn, incorporates section 120.57(1)(b)2. Section 120.57(1)(b)2 calls for “reasonable notice.” We conclude that the purpose of section 403.815 is merely to amplify the notice provisions of section 120.57(1)(b)2 by providing that reasonable notice under section 120.57(1)(b)2 may, and in some cases must, include notice by publication. We do not agree with the City that the rule exceeds the scope of DER’s rule-making authority. We see no reason to conclude that the legislature in enacting section 403.815 intended to depart from the general rule that actual notice is not only an appropriate method of providing notice but is generally the primary method of accomplishing notice of impending action to an interested or affected person or entity.
In providing for actual notice as well as notice by publication, the DER has properly exercised its rule-making authority. The rule provides for reasonable notice within the meaning of section 120.57(1)(b)2, and the “whichever comes first” provision of the rule governing the beginning of the fourteen-day period for the filing of a petition seeking a hearing serves a meaningful purpose. It is patently sensible for the DER to send an actual notice to a party that it reasonably anticipates will have an interest in the matter arising from the application, such as the City, and also to publish a subsequent notice, each notice having its own time limit for response. There is no unfairness to a recipient of the actual notice and by providing for publication it is anticipated that a more comprehensive awareness of, and participation in, the proceeding will be achieved. Moreover, the City does not claim confusion from two overlapping notices. The City received a clear point of entry to the Chapter 120 proceedings through the actual notice. See Manasota-88, Inc. v. State, Dep’t of Environmental Regulation, 417 So.2d 846 (Fla. 1st DCA 1982).
The parties do not identify, nor has our research revealed, a prior case deciding the issue the City raises; but City of St. Cloud v. Dep’t of Environmental Regulation, 490 So.2d 1356 (Fla. 5th DCA 1986), seems to have assumed the validity of rule 17-103.155.
Affirmed.
FRANK and ALTENBERND, JJ., concur.

. Section 403.815 reads as follows:
Public notice; waiver of hearings.
The department may publish or by rule require the applicant to publish, or the applicant may elect to publish, in a newspaper of general circulation in the area affected, notice of application for a permit submitted under this chapter or chapter 253. The notice of application shall be published within 14 days after the application is filed with the department. Notwithstanding any provision of s. 120.60, the department may publish or by rule require the applicant to publish, or the applicant may elect to publish, in a newspaper of general circulation in the area affected, notice of proposed agency action on any permit application submitted under this chapter or chapter 253. The department shall require the applicant for a permit to construct or expand a solid waste facility to publish such notice. The notice of proposed agency action shall be published at least 14 days prior to final agency action. The 90-day time period specified in s. 120.60(2) shall be tolled by the request of the department for publication of notice of proposed agency action and shall *209 resume 14 days after receipt by the department of proof of publication. However, if a petition is filed for a proceeding pursuant to s. 120.57, the time periods and tolling provisions of s. 120.60 shall apply. The cost of publication of notice under this section shall be paid by the applicant. The secretary may, by rule, specify the format and size of such notice. Within 14 days after publication of notice of proposed agency action, any person whose substantial interests are affected may request a hearing in accordance with s. 120.-57. The failure to request a hearing within 14 days after publication of notice of proposed agency action constitutes a waiver of any right to a hearing on the application under s. 120.57.