624 So.2d 330 (1993)
ENVIRONMENTAL RESOURCE ASSOCIATES OF FLORIDA, INC., Appellant,
v.
STATE of Florida, DEPARTMENT OF GENERAL SERVICES, Appellee.
No. 92-1171.
District Court of Appeal of Florida, First District.
September 3, 1993.
Rehearing Denied October 13, 1993.
Richard M. Haber and Robert L. McDonald, Jr. of Cramer, Haber, McDonald & LeVine, P.A., Tampa, for appellant.
Stephen S. Mathues, Staff Atty., Dept. of General Services, Tallahassee, for appellee.
BARFIELD, Judge.
Appellant seeks review of an agency denial of an administrative hearing for the reason that appellant did not timely file a request for a hearing. Appellant contends that its late filed request should be accepted on "equitable principles," since late filing is not jurisdictional and the facts do not evidence an intent by appellant to waive its right to a hearing.
The appellee sent notice to appellant of intent to terminate its contract and advised appellant of its right to a hearing if request was filed with the appellee within 21 days. The notice was sent by certified mail and received by appellant on March 5, 1992. Appellant sent a petition for hearing dated March 25, 1992, by certified mail postmarked March 26, 1992, to appellee which received the petition for filing March 30, 1992. There are no other facts relevant to this decision.
Appellant contends that its preparation and mailing of a petition for hearing within the 21-day period evidences its intent not to waive its right to hearing, and that equitable tolling should delay the filing period so that its petition would be considered timely filed. We disagree that principles of equity should enlarge the time for filing in this case and affirm.
The Supreme Court has laid the predicate for applying the tolling doctrine in administrative cases:
Generally, the tolling doctrine has been applied when the plaintiff has been misled or lulled into inaction, has in some extraordinary way been prevented from asserting his rights, or has timely asserted his rights mistakenly in the wrong forum.
*331 Machules v. Department of Administration, 523 So.2d 1132, 1134 (Fla. 1988) (citations omitted). The court concluded:
We find the doctrine of equitable tolling applicable under the facts of this case for two reasons: petitioner was misled or lulled into inaction by his Employer, and his appeal to DOA raised the identical issue raised in the original timely claim filed in the wrong forum.
Id. at 1134.
There is nothing extraordinary in the failure to timely file in this case. Quite to the contrary, the problem in this case is the too ordinary occurrence of a party's attorney failing to meet a filing deadline.
The final order of the Department of General Services is AFFIRMED.
ERVIN, J., concurs, with opinion.
ZEHMER, C.J., dissents, with opinion.
ERVIN, Judge, concurring.
In my judgment, the facts in this case do not dictate the application of the judicial rules stated in either Department of Environmental Regulation v. Puckett Oil Co., 577 So.2d 988 (Fla. 1st DCA 1991), or Machules v. Department of Administration, 523 So.2d 1132 (Fla. 1988), both of which Chief Judge Zehmer cites in his dissenting opinion. Puckett involved the reversal of a summary final order that had been entered on the ground that the agency failed to respond, as required by administrative rule, within 20 days after the filing of a petition seeking an award of costs and fees to a prevailing small business party. In Puckett, we noted that if the Division of Administrative Hearings (DOAH) intended, in adopting the rule, to establish a jurisdictional time limit for filing a responsive pleading to such petitions, DOAH had acted in excess of any express or reasonably implied delegated legislative authority, as no statute authorized such a construction. In Machules, because the petitioner had been misled or lulled into inaction by the affirmative acts of his employer, it was held that the doctrine of equitable tolling should be applied in order to permit the employee to seek administrative review of his termination.
In contrast to the holdings in the above cases, the only issue before us which I consider proper for resolution is whether the appellant was provided by the agency's notice with a clear point of entry into the administrative proceeding. If it was, but it failed to avail itself of this opportunity, appellant must be considered to have waived its right to a hearing.
The clear-point-of entry rule was first articulated by this court in Capeletti Brothers v. Department of Transportation, 362 So.2d 346, 348 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1374 (Fla. 1979), in the following terms:
[A]n agency must grant affected parties a clear point of entry, within a specified time after some recognizable event in investigatory or other free-form proceedings, to formal or informal proceedings under Section 120.57. Uncertainty in an agency's rules and practices on this point usually results, as is shown by our experience in the past several months, in a petition for review followed by an agency motion to dismiss on the alternative grounds that the agency has not yet taken final action or that, if it has done so, the request for Section 120.57 proceedings and the review petition are too late.
This court and other courts have applied the above rule in different factual contexts, some holding that the notice provided by the agency was sufficient, and others that it was not. See, e.g., Florida League of Cities, Inc. v. Administration Comm'n, 586 So.2d 397 (Fla. 1st DCA 1991); Southeast Grove Management Inc. v. McKiness, 578 So.2d 883 (Fla. 1st DCA 1991); Capital Copy, Inc. v. University of Fla., 526 So.2d 988 (Fla. 1st DCA 1988); Lamar Advertising Co. v. Department of Transportation, 523 So.2d 712 (Fla. 1st DCA 1988); City of St. Cloud v. Department of Envtl. Reg., 490 So.2d 1356 (Fla. 5th DCA 1986); Henry v. Department of Admin., Div. of Retirement, 431 So.2d 677 (Fla. 1st DCA 1983).
I consider the essential facts in the present case to be practically on all fours with those in Lamar Advertising Co. v. Department of Transportation, 523 So.2d 712 (Fla. 1st DCA *332 1988), wherein this court held that although the agency's notice denying a sign permit did not track the precise language in the department's rule concerning such denials, the notice "clearly informed appellant that the application had been denied and that appellant had the right to request a § 120.57 hearing within 30 days of the date of the notice." Id. at 713. We thereupon concluded that the applicant had been provided a clear point of entry to administrative review, which had been waived by its noncompliance with the limitation period stated in the notice.
In the instant case, the notice informed appellant that any request for an administrative hearing "must be filed with this department within twenty-one (21) days of receipt of this letter." As such, the notice was in reasonable compliance with Florida Administrative Code Rule 60-4.012, which states that the date the request is filed shall be the date which it is received by the agency. By using the term "filed," rather than "served," the notice unambiguously advised appellant that any request for hearing must be received by the agency within the time specified following the appellant's receipt of the notice of the letter terminating appellant's contract. The term "filed," when used to denote a limitation period, is a legal term generally understood to mean that the agency must receive the matter required no later than the date stated. Cf. Bank of Port St. Joe v. Department of Banking & Fin., 362 So.2d 96 (Fla. 1st DCA 1978).
Finally, the language used in the notice also reasonably conformed with the provisions of Sections 120.57(1)(b)(2) and (2)(a)(2), Florida Statutes (1991), requiring the agency, in both formal and informal proceedings, to give affected parties reasonable notice of their right to seek administrative review of the agency's action.
I therefore concur with the result reached in Judge BARFIELD's opinion.
ZEHMER, Chief Judge (dissenting).
The 21-day time period specified in rule 13-4.013[1] is not a jurisdictional requirement; were it so intended, the rule would exceed the agency's statutorily delegated authority. Rather, the rule is couched in terms of waiver, providing that, "Any person with actual knowledge of an agency decision or intent to render [a] decision who fails to request a hearing within 21 days of such actual knowledge shall have waived his right to subsequently request a hearing on such matters." As I read this rule, it can only create a rebuttable presumption of waiver if the 21-day period should pass and no request for a hearing has been filed; most assuredly it cannot amount to a conclusive presumption of waiver, for that would make the rule tantamount to establishing a jurisdictional requirement. See generally Department of Environmental Regulation v. Puckett Oil Co., Inc., 577 So.2d 988 (Fla. 1st DCA 1991).
On this record, it is clear that Appellant determined to request a hearing and mailed the request within the 21-day period. The request was not received and stamped filed by the agency, however, until Monday, March 30  four days late. I would treat these facts as legally sufficient to rebut a presumption of waiver created by the rule.
Moreover, it is clear to me that the doctrine of equitable tolling is applicable to relieve the appellant from the loss of its right to a hearing based on the late filing in this case. I cannot discern any reason for not applying the rationale of the court's decision in Stewart v. Department of Corrections, 561 So.2d 15 (Fla. 4th DCA 1990), to the facts of this case. In applying the doctrine of equitable tolling to relieve the appellant from the loss of his right to appeal to the Public Employees Relations Commission because the notice was filed one day late, the court in Stewart explained:
In Machules v. Dept. of Admin., 523 So.2d 1132 (Fla. 1988), the supreme court held that equitable tolling focuses on the plaintiff's excusable ignorance of the limitations period and on the lack of prejudice to the defendant. It concluded that "equitable tolling, unlike estoppel, does not require *333 active deception or employer misconduct, but focuses rather on the employee with a reasonably prudent regard for his rights."
561 So.2d at 16. Finding no prejudice to the agency by reason of the late filing, the court in Stewart held that "reasonably prudent regard for appellant's rights dictates that the doctrine of equitable tolling be applied, and that the appellant be allowed to pursue his appeal." Id.
I cannot conceive that the Stewart case is materially distinguishable from this case simply because the appellant in this case was four days late in filing the request for hearing rather than one day late, as in Stewart. Instead, I find the majority decision in direct conflict with Stewart on the same point of law. See General Motors Corp. v. Gus Machado Buick-GMC, Inc., 581 So.2d 637, 638 (Fla. 1st DCA 1991) ("The appellate courts have not viewed favorably arguments that short delays in requesting a hearing should result in a forfeiture of substantive rights." [citing Stewart with approval]).
Judge Barfield's majority opinion and Judge Ervin's concurring opinion treat the 21-day time period specified in the rule as an absolute restriction that cannot be altered in the absence of agency conduct that misleads appellant. They do not address the real issue as I see it, for they do not consider whether the appellant's conduct negated the waiver relied on in affirming the appealed order. Moreover, I see no issue on this appeal concerning whether the agency provided appellant appropriate notice so as to afford appellant a clear point of entry into the administrative proceeding, as discussed in Judge Ervin's opinion. That postulation of the issue begs the question. The only question is whether the fact that the agency did not receive appellant's request for hearing until four days after the 21-day period conclusively waived appellant's right to a hearing regardless of the appellant's attorney's efforts to demonstrate that appellant desired to have such a hearing. The important principle invoked by this question is whether the administrative process under chapter 120 and the agency's rules allow any flexibility or "safety valve" to accommodate a minor infraction of the 21-day limit attributable to excusable neglect. If the administrative process must be so rigidly administered that agencies, hearing officers, and reviewing courts have no authority or discretion to provide such flexibility in order to accomplish justice, we are fostering and condoning an administrative process that imposes the ultimate penalty of losing one's rights for a minor infraction of procedural rules. I do not conceive that such rigid adherence to procedure accomplishes justice in this case and is in the public interest, and accordingly I do not subscribe to it.
For these reasons, I must dissent.
NOTES
[1] Rules 13-4.012 and 13-4.013 have been transferred to rules 60-4.012 and 60-4.013, Florida Administrative Code.