KAHN, J.
Appellant, Gary Dickens, challenges a final order of the Public Employees Relations Commission (PERC) dismissing his appeal of a suspension for conduct that occurred while his job was classified as a career service position. After the conduct at issue and before the suspension, the classification of Dickens’ position was changed from career service to selected exempt service. In dismissing the appeal, PERC found it had no jurisdiction because Dickens was not a career service employee at the time of his suspension. We reverse.
Dickens had a property interest in his career service position, as he could only be disciplined or dismissed for cause. See Dep’t of Corrections v. Fla. Nurses Ass’n, 508 So.2d 317, 320 (Fla.1987) (“It is undisputed that tenured employees acquire a property right in their employment.”); Doyle v. Dep’t of Bus. & Prof'l Regulation, 713 So.2d 1040, 1045 n. 6 (Fla. 1st DCA 1998) (citing article 1, section 9 of *136 the Florida Constitution and explaining that “[a] constitutionally protected property interest in public employment can be established by demonstrating that the employment is governed by a state law which provides legitimate expectations of continued employment” and “an employee who has permanent status in the career service may only be suspended or dismissed for cause”); Johnson v. Beary, 665 So.2d 334, 335 (Fla. 5th DCA 1995) (“A statute which allows a demotion or dismissal only on the basis of ‘cause’ creates a constitutionally protected interest in public employment.”). Further, “[t]he version of a statute in effect at the time grounds for disciplinary action arise controls.” Childers v. Dep’t of Envtl. Prot., 696 So.2d 962, 964 (Fla. 1st DCA 1997).
Accordingly, Dickens had the right to appeal the suspension that arose from his conduct as a career service employee, even though the Department initiated disciplinary action after the reclassification of his position to selected exempt service. Cf. § 110.604, Fla. Stat. (2001) (providing that “[ejmployees in the Selected Exempt Service shall serve at the pleasure of the agency head and shall be subject to suspension, dismissal, reduction in pay, demotion, transfer, or other personnel action at the discretion of the agency head”). PERC’s construction of sections 447.207(8) and 110.227(5)(a), Florida Statutes (2001), as precluding such appeal is clearly unauthorized and erroneous. See, e.g., PW Ventures, Inc. v. Nichols, 533 So.2d 281, 283 (Fla.1988) (“[T]he contemporaneous construction of a statute by the agency charged with its enforcement and interpretation is entitled to great weight.... The courts will not depart from such a construction unless it is clearly unauthorized or erroneous”). Nothing in these statutes precludes Dickens’ from appealing the disciplinary action taken against him for conduct occurring while he was a career service employee.
REVERSED and REMANDED for further proceedings.
BARFIELD, and BROWNING, concur.