PER CURIAM.
The appellant, Department of Corrections, timely appeals from a final order of the Public Employees Relations Commission (“the Commission”). The order awards back pay to Benny Chesnut, a former employee of the Department, following an earlier order ruling that equitable tolling permitted him to file an appeal from his termination more than three years later, and reinstating Chesnut. *277 Chesnut cross-appeals with respect to the amount of back pay. Because we agree that the Commission erred in ruling that equitable tolling principles allowed Ches-nut to file an appeal from his termination three years later, we reverse. ■
Benny Chesnut was employed by the Department of Corrections in various correctional officer positions from 1985 until 1999. Specifically, from June 1997 to July 2, 1999, he worked as an assistant warden at Washington County Correctional Institution. During the majority of this time, he served in the career service system.
In August 1998, a Department employee filed an internal sexual harassment complaint against Chesnut. The Department investigation expanded to include alleged incidents involving four other women. On May 27, 1999, the Department notified Chesnut in a letter that disciplinary charges were being brought against him because of the sexual harassment allegations. Also in 1999, the legislature enacted legislation that transferred Chesnut’s job classification from career service to selected exempt service. On June 16, 1999, the Department informed Chesnut that he was being appointed to the position of assistant warden, a position exempt from career service and included in selected exempt service, effective June 11, 1999. Shortly thereafter, in a letter dated July 2, 1999, the Department terminated Chesnut, stating “as a selected exempt service employee, you have no right of appeal to the Public Employees Relations Commission.” No reason for termination was provided. Chesnut did not file an appeal.
In October 2000, Chesnut learned that the Department had informed the Criminal Justice Standards and Training Commission that Chesnut was terminated based on substantiated charges of sexual harassment. Chesnut filed a petition for a name-clearing hearing, and the petition was forwarded to the Division of Administrative Hearings. Chesnut testified on his behalf and presented the testimony of fifteen witnesses. The Department presented six witnesses. The administrative law judge found that the evidence did not support a finding of sexual harassment, and further found that the Department had no cause for termination. The judge recommended that the Department enter a final order clearing Chesnut’s name. In a final order issued in March 2002, Department adopted most of the proposed findings of fact set forth in the recommended order, but rejected the findings that could be read to constitute conclusions of law as to the legal standard for sexual harassment. The Department concluded that the purpose of the hearing was a limited name-clearing hearing with the right to be heard, and not a legal analysis of the elements of a sexual harassment case. Accordingly, the Department rejected the administrative law judge’s conclusions of law. The Department also rejected the recommendation to clear Chesnut’s name and record. The Department concluded that it was not required to take any further action. This order was not appealed.
In September 2002, this court issued Dickens v. Department of Juvenile Justice, 830 So.2d 135 (Fla. 1st DCA 2002). Dickens held that an employee has the right to appeal his suspension to the Commission for conduct that arose as a career service employee, even though the suspension occurred after the employee was reclassified as selected exempt service. Based on this decision, Chesnut filed an appeal with the Public Employees Relations ■ Commission on October 7, 2002, to challenge his 1999 termination from the Department. The Department argued that the appeal should be dismissed for lack of jurisdiction since the appeal was not timely filed and because Chesnut was a *278 selected exempt service employee at the time of dismissal. In subsequent proceedings, the parties submitted argument on the issues of whether the limitations period for filing an appeal should be equitably tolled, and on whether the Department was collaterally estopped from relitigating the facts underlying the sexual harassment charges as found by the administrative law judge in the name-clearing hearing.
In’ the recommended order, the hearing officer concluded that the time limit for filing Chesnut’s appeal with the Commission should be equitably tolled pursuant to Machules v. Department of Administrar tion, 523 So.2d 1132 (Fla.1988), in light of Dickens. The hearing officer found that the termination letter, which advised Ches-nut he had no right to appeal to the Commission as a selected exempt service employee, was an accurate statement of the Commission’s interpretation of its jurisdiction at that time. There was also no taint of bad faith or intent to deceive in this advice. However, the hearing officer then found that “the First District Court of Appeal [in Dickens ] now teaches us that this was an erroneous interpretation of the law and that Chesnut did indeed have career service appeal rights. Thus, the Agency’s statement to Chesnut misrepresented his appeal rights and lulled him into taking no action to assert those rights.” The hearing officer also concluded that the issue of whether Chesnut engaged in misconduct was fully litigated by the parties in the name-clearing hearing, and therefore that the Department was precluded from relitigating the facts of Chesnut’s alleged misconduct in the termination proceeding. The hearing officer adopted the administrative law judge’s factual findings from the name-clearing hearing, and found that, under those facts, the agency did not have cause to discipline or dismiss Ches-nut. The hearing officer recommended that Chesnut be reinstated with back pay.
In an order rendered March 5, 2003, the Commission adopted the recommended order. The Commission rejected the Department’s exceptions. The Commission ruled that equitable tolling applied, and the Department “expressly and mistakenly informed Chesnut that he could not appeal its decision to dismiss him. There is very little more an employer could do to an employee to mislead or lull into inaction.”
The Department’s appeal to this court was dismissed for lack of jurisdiction, as the Commission order did not determine the appropriate set-off against back pay or reasonable attorney’s fees, and thus did not constitute final agency action. Following a subsequent hearing on the issue of back pay, a hearing officer concluded that Chesnut was entitled" to back pay for the first nine months following his July 1999 termination, but not for any periods thereafter. The hearing officer also found that Chesnut was not entitled, to compensation for housing or commuting or leave time.
In an order issued on October 16, 2003, the Commission adopted the recommended order. The Department timely appealed to this court, and Chesnut cross-appealed the denial of back pay for the relevant periods. The Commission has elected not to participate in this appeal.
The Department argues that the termination letter was not misleading, and thus that the Commission erroneously determined that the letter constituted sufficient evidence to support application of equitable tolling. The Department further argues that Dickens cannot be applied retroactively; even if it were applied retroactively, it would be fundamentally unfair to apply it in the instant case, given that Chesnut had no currently pending claim. We agree that the orders of reinstatement and back pay must be reversed.
*279 Assuming that Chesnut was appealing his dismissal as career service employee, he would have had 14 calendar days within which to file the appeal with the Commission after receiving notice of the dismissal. See § 447.207(8), Fla. Stat. (1999). However, this time period is not jurisdictional, and may be tolled by equitable circumstances. See Machules v. Dep’t of Admin., 523 So.2d 1132, 1134 n. 2 (Fla.1988). The doctrine of equitable tolling applies when the plaintiff has been misled or lulled into inaction, has in some extraordinary way been prevented from 'asserting his rights, or has timely asserted his rights in the wrong forum. Id. at 1134.
In the present case, however, the Commission erroneously determined that the Department’s termination letter constituted sufficient evidence to support application of equitable tolling. The Department’s termination letter informing Chesnut that he had no right to appeal to the Commission because of his selected exempt status was an accurate reflection of the law at the time; it was not misleading. There is no evidence that the Department letter actually caused Chesnut not to file a timely appeal with the Commission. Chesnut did not file an appeal from his termination until October 2002, after he learned of this court’s decision in Dickens. Thus, the Department did not mislead or lull Chesnut into inaction, and there was no basis for an application of equitable tolling.
In essence, the erroneous application of the equitable tolling doctrine amounts to a retroactive application of Dickens. Such an application could not be sustained, however, since the requirements for retroactive application of a change in decisional law are not present here. See Clay v. Prudential Ins. Co. of America, 670 So.2d 1153 (holding that the prerequisites for retroactivity apply to civil as well as criminal cases, including requirement that the issue be raised in lower tribunal and that case be either pending or not yet final); Consortium for Diagnostics, Inc. v. Cigna Ins. Co., 781 So.2d 1128 (Fla. 3d DCA 2001) (applying preservation requirement of retroactivity in civil case); Gray Mart, Inc. v. Fireman’s Fund Ins. Co., 703 So.2d 1170 (Fla. 3d DCA 1997) (same); see also Int’l Studio Apt. Assoc., Inc v. Lockwood, 421 So.2d 1119 (Fla. 4th DCA 1982) (recognizing general rule that judicial decisions in civil cases have retrospective as well as prospective application, but also recognizing “doctrine of nonretroactivity,” which significantly limits retroactive application of changes in law to actions taken under certain circumstances); Atlantic Richfield Co. v. Federal Energy Admin., 463 F.Supp. 1079 (N.D.Cal.1979) (applying doctrine of nonretroactivity).
For the reasons above, we conclude that the orders reinstating Chesnut and awarding back pay must be reversed. Because this issue is dispositive, we need not reach the issue of whether the Department was collaterally estopped from presenting evidence on facts underlying the termination or the issue on cross-appeal of whether Commission abused its discretion in determining the amount of back pay owed to Chesnut.
Reversed.
PADOVANO and LEWIS, JJ., concur. ERVIN, J., concurs with opinion.