ERVIN, J.,
concurring.
I agree with the majority that the final order of the Public Employees Relations Commission (PERC) must be reversed because appellee Chesnut’s case was not pending at the time Dickens v. Department of Juvenile Justice, 830 So.2d 135 (Fla. 1st DCA 2002), was decided, authorizing an appeal from the suspension of a *280 selected-exempt employee for conduct which arose while he was classified a career-service employee. In so concluding, I do not mean to imply that Chesnut was required to file a timely appeal from the termination letter of July 2, 1999, of the Department of Corrections (DOC), seeking reinstatement. Obviously, at such time, Chesnut, as a selected-exempt service employee, had no right to re-employment.
It is my considered opinion, however, that if an appeal had then been pending from the DOC’s order, which had rejected the recommended order of the administrative law judge (ALJ) to clear appellee’s name, he would be entitled to the relief PERC awarded him — if he had prevailed in such appeal. Unfortunately for Ches-nut’s position, no appeal was taken from that order. As a result, Chesnut’s case was not in the pipeline at the time Dickens was issued,[1] and PERC’s application of the doctrine of collateral estoppel in its order below precluding DOC from relitigating the issue of sexual harassment in the later filed reinstatement proceeding had, under the circumstances, no legal foundation.
In its order approving the hearing officer’s application of the doctrine of collateral estoppel to the issue of Chesnut’s entitlement to reinstatement, PERC noted that the doctrine is pertinent if there are identical parties and issues, there is a full and fair opportunity to litigate the issues, the issues are critical and a necessary part of both determinations, and the issues are actually litigated in a prior case. PERC’s summary of the definition omitted, however, one essential part, ie., that the issues actually litigated in the prior case must have resulted in a final decision of a court of competent jurisdiction, or, as in this case, a final order of an agency. See Dep’t of Health & Rehab. Servs. v. B.J.M., 656 So.2d 906, 910 (Fla.1995). Thus, the indispensable element of finality of judgment, necessary for preclusion, is absent in that no final order had previously been entered in Chesnut’s favor.
The only reason for my separate concurrence is to emphasize my opinion that the statute of limitations could not be applied to bar Chesnut from contesting his discharge simply because he had not earlier filed a timely appeal from DOC’s notice of termination, which he then reasonably believed would provide him with no relief. He was, however, clearly entitled to seek redress by reason of DOC’s later notification that it had informed the Criminal Justice Standards and Training Commission that his termination was based on charges of sexual harassment. Chesnut timely sought, once notified, the only relief that was then available to him, the opportunity to remove the smear placed on his name. His efforts in such regard were vindicated at the hearing level, and it appears to me that PERC’s assessment is correct that the same factual findings relevant to the name-clearing proceeding, ie., the propriety of the dismissal due to sexual harassment, were relevant as well to the proceeding addressing the later filed petition for reinstatement.[2] Notwithstanding PERC’s characterization of the evidence, which conformed with that of both the ALJ and its own hearing officer, no appeal, for reasons not apparent from the record, was taken from DOC’s order, and, because *281 that order had become final by the time Dickens was decided, Chesnut’s later efforts to seek reinstatement and other ancillary relief were rendered futile.

. See Smith v. State, 598 So.2d 1063 (Fla.1992).

. Interestingly, DOC accepted the recommended findings, but rejected the application of the ALJ's facts to the recommended conclusion, deciding that the only purpose of the name-clearing hearing was Chesnut's right to be heard; therefore, in its judgment, whether Chesnut had or had not committed sexual harassment was immaterial to its resolution of the issue.