[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10834
Non-Argument Calendar
_____

D.C. Docket No. 5:15-cv-00035-MW-EMT

DONALD W. RAGER,

Plaintiff-Appellant,

versus

PAIGE AUGUSTINE,
Warden FCI Marianna,
KEITH BUFORD,
Lieutenant FCI Marianna,
S MALONE,
Lieutenant FCI Marianna,
EDDIE SNELL,
Case Manager FCI Marianna,
CONNIE COPELAND,
Counselor FCI Marianna, et al,

Defendants-Appellees,

CHARLES E. SAMUELS, JR., et al,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 1, 2019)

Before MARCUS, BRANCH and JULIE CARNES, Circuit Judges.

PER CURIAM:

Donald Rager, proceeding pro se, appeals from several district court orders, the last of which finally disposed of all claims in favor of the defendants. On appeal, Rager argues that: (1) the district court abused its discretion in denying his motion to appoint counsel; (2) the district court erred in dismissing his Fourth, Fifth, Eighth, and Fourteenth claims as time-barred; (3) the district court erred in denying his motion to strike the declarations of defendants Thomas Malone, Craig Simmons, and Harrel Watts in support of their summary judgment motion; (4) the district court erred in granting summary judgment on Rager's First Amendment claims in favor of Simmons, Watts, and Malone, and in separately dismissing his First Amendment claims against Warden Paige Augustine; and (5) the district court erred when it dismissed his injunctive and declaratory relief claims against the Bureau of Prisons ("BOP"). After thorough review, we affirm.

We review the district court's denial of a motion to appoint counsel in civil cases for abuse of discretion. Smith v. Fla. Dept. of Corr., 713 F.3d 1059, 1063

2

(11th Cir. 2013).  We also review the denial of a motion to strike declarations for abuse of discretion.  Telfair v. First Union Mortg. Corp., 216 F.3d 1333, 1343 (11th Cir. 2000).

We review a district court's dismissal of a complaint for failure to state a claim pursuant to Rule 12(b)(6) de novo, viewing the plaintiff's well-pleaded facts as true and in the light most favorable to the plaintiff.  Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir. 2007).  We review the sua sponte dismissal of a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) de novo, using the same standards that govern Federal Rule of Civil Procedure 12(b)(6) dismissals.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  We review de novo the district court's interpretation and application of statutes of limitations. Ctr. for Biological Diversity v. Hamilton, 453 F.3d 1331, 1334 (11th Cir. 2006).  We also review a district court's order granting summary judgment de novo, viewing all the evidence, and drawing all reasonable inferences, in favor of the non-moving party.  Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 767 (11th Cir. 2005).  We construe pro se filings liberally.  Bellizia v. Fla. Dep't of Corr., 614 F.3d 1326, 1329 (11th Cir. 2010).

First, we are unpersuaded by Rager's claim that the district court abused its discretion in denying his motion to appoint counsel.  Appointment of counsel is only warranted in extreme circumstances, and the district court has broad discretion to

3

make such a decision.  Smith, 713 F.3d at 1063.  Appointment of counsel is appropriate when "the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990).  We look to the factors outlined in Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982), to determine if exceptional circumstances warrant appointment of counsel.  Smith, 713 F.3d at 1065 n.11.  These factors include: (1) the type and complexity of the plaintiff's case, (2) whether the plaintiff is capable of adequately presenting his case, (3) whether the plaintiff is in a position to adequately investigate the case, (4) whether trial evidence will consist of conflicting testimony requiring trial skills, and (5) whether appointment of counsel would be of service to the parties and the Court.  Ulmer, 691 F.3d at 213.

Here, the district court did not abuse its discretion in denying Rager's motion to appoint counsel.  Rager says that counsel should have been appointed because the issue he raised involving Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), was novel and complex.  As the record indicates, however, Rager demonstrated he could adequately defend himself by the numerous documents he authored and filed, and he used relevant case law from the Supreme Court and various circuit courts to make the Bivens' arguments he sought to raise.  Further, the district court dismissed Rager's claims at the summary judgment and dismissal

4

stages, before any trial skills were necessary. See Ulmer, 691 F.3d at 213. Thus, the district court did not abuse its discretion in denying his motion.

We are also unpersuaded by Rager's claim that the district court erred when it dismissed his Fourth, Fifth, Eighth, and Fourteenth claims as time-barred by the statute of limitations. The statute of limitations for filing a Bivens action in a federal district court sitting in Florida is four years. See Uboh v. Reno, 141 F.3d 1000, 1002 (11th Cir. 1998) (noting that federal district courts apply their forum state's personal injury statute of limitations to both Bivens and 42 U.S.C. § 1983 actions); Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003) (providing that the statute of limitations for § 1983 actions filed in federal courts in Florida is four years). The statute of limitations begins to run when the plaintiff knows, or should know: (1) that he has suffered the injury that forms the basis of his complaint; and (2) who has inflicted an injury. Chappell, 340 F.3d at 1283.

The general test for equitable tolling requires the party seeking tolling to prove that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Villarreal v. R.J. Reynolds Tobacco Co., 839 F.3d 958, 971 (11th Cir. 2016). Even where a plaintiff does not make any arguments about equitable tolling in his complaint, "[a] plaintiff nonetheless can plead himself out of court by alleging facts that foreclose a finding of diligence or extraordinary circumstances, both of which are required for equitable

5

tolling." Id. Florida law allows for tolling of the statute of limitations in civil rights and personal injury cases exclusively when: (1) the person being sued is not in Florida; (2) the person being sued cannot be located because of use of concealment or false name; (3) there is adjudicated incapacity of the person entitled to sue; (3) child payments are being made during paternity actions; (4) there is "pendency of any arbitral proceeding pertaining to a dispute that is the subject of the action"; (5) there is intervening bankruptcy; or (6) the minority or adjudicated incapacity of the person entitled to sue occurs during time in which a parent, guardian, or guardian ad litem does not exist. Fla. Stat. § 95.051(1)-(2). Florida courts have recognized the application of equitable tolling during the exhaustion of administrative proceedings when the plaintiff was "misled or lulled into inaction, has in some extraordinary way been prevented from asserting his rights, or has timely asserted his rights in the wrong forum." State, Dep't of Corr. v. Chestnut, 894 So. 2d 276, 279 (Fla. Dist. Ct. App. 2005) (citing Machules v. Dep't of Admin., 523 So. 2d 1132, 1134 (Fla. 1988)). We've expressly declined to address the question of whether the statute of limitations can be tolled while a prisoner is in the process of exhausting his administrative remedies as a mandatory prerequisite for filing a federal lawsuit. Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1280 (11th Cir. 2001) ("[W]e decline to decide in the first instance the legal issue of whether the mandatory exhaustion

6

requirement of 42 U.S.C. § 1997e(a) and the actual exhaustion of remedies by a prisoner will operate to toll the statute of limitations.").

The interests of justice can weigh in favor of equitable tolling to allow a plaintiff to assert untimely claims if circumstances beyond the plaintiff's control prevented timely filing. Arce v. Garcia, 434 F.3d 1254, 1261 (11th Cir. 2006). Equitable tolling allows a court to toll the statute of limitations until a time that would have been fair for the statute of limitations to begin running on those claims. Id. Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are beyond his control and unavoidable even with diligence, which the plaintiff bears the burden of showing. Id. Florida courts apply equitable estoppel to prevent a defendant from asserting the statute of limitations as a defense when the defendant's misconduct induced the plaintiff to forbear bringing suit within the applicable limitations period. Major League Baseball v. Morsani, 790 So. 2d 1071, 1079 (Fla. 2001).

The continuing violation doctrine permits a plaintiff to sue on an otherwise time-barred claim when additional violations of the law occur within the statutory period. See Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1221–22 (11th Cir. 2001). The purpose of permitting a plaintiff to maintain a cause of action on the continuing violation theory is to permit the inclusion of acts whose character as discriminatory acts was not apparent at the time they occurred. Id. at 1222.

7

The record makes clear that Rager's Fourth, Fifth, Eighth, and Fourteenth Amendment claims are time-barred by Florida's four-year statute of limitations. As for equitable tolling under Florida law, Rager does not meet the standard because he was not misled into inaction, he was not extraordinarily prevented from asserting his rights, and he did not assert his rights in the wrong forum. See Chestnut, 894 So. 2d at 279. Nor does he meet the standard for equitable tolling under the law of this Court, since he has failed to prove that he diligently pursued his administrative remedies or that the exhaustion of his administrative remedies prevented him from timely filing a federal claim. See Villarreal, 839 F.3d at 971. As for the continuing violation doctrine, it does not apply because Rager was aware that he incurred harm at the time each harmful act took place. See Hipp, 252 F.3d at 1222. Nor does the doctrine of equitable estoppel apply because Rager was not prevented from bring his federal claims within the statute of limitations, since he knew he could appeal denials, procedural denials, and non-responses of his administrative grievances to exhaust his administrative remedies. See Morsani, 790 So. 2d at 1079.

Next, we find no merit to Rager's claim that the district court erred when it denied his motion to strike the declarations of Malone, Simmons, and Watts in support of their summary judgment motion. A declaration in support of a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to

8

testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Records kept in the regular course of business are admissible as evidence. See Fed. R. Evid. 803(6).

On the record before us, the district court did not abuse its discretion in denying Rager's motion to strike certain defendants' declarations in support of their summary judgment motion. Simmons, Watts, and Malone stated in their declarations that the declarations were based upon personal knowledge after reviewing official business records. Official business records are admissible forms of evidence, and Rager does not argue that these business records fail to meet the business records hearsay exception. Fed. R. Evid. 803(6). Further, Simmons, Watts, and Malone never changed the statements they made in the declarations. See Telfair, 216 F.3d at 1342-43 (affirming the district court's denial of a motion to strike an affidavit even though a party had changed its views between the deposition and the filing of the affidavit because the party had given a plausible explanation for the difference to the district court). We, therefore, affirm the district court's order denying Rager's motion to strike the declarations.

We also are unpersuaded by Rager's claim that the district court erred when it granted summary judgment on Rager's First Amendment retaliation claims in favor of Simmons, Watts, and Malone, and when it separately dismissed his First Amendment retaliation claims against Warden Augustine. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state

9

a claim to relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged.  Id.  Although courts liberally construe pro se pleadings, we are not required to "rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jam. Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (citation omitted).  Conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.  Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

Summary judgment is appropriate when the record demonstrates that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  An issue of fact is not genuine unless a reasonable jury could return a verdict in favor of the non-moving party.  Morton v. Kirkwood, 707 F.3d 1276, 1284 (11th Cir. 2013).

To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for judgment against him is incorrect.  Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014).  When an appellant fails to challenge properly on appeal one of the grounds for which the district court based its judgment, he is deemed to

10

have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.  Id.

An inmate's First Amendment free speech rights are violated when he is punished for filing a grievance concerning the conditions of his imprisonment. Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008).  However, "[n]o [f]ederal civil action may be brought by a prisoner confined in a . . . correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."  42 U.S.C. § 1997e(e).  An inmate may pursue an injunction to seek relief for constitutional violations that do not involve physical injury, but § 1997e(e) bars constitutional claims for damages unless the inmate can show a physical injury occurred.  See Al-Amin v. Smith, 637 F.3d 1192, 1197-98 (11th Cir. 2011).  Notably, § 1997e(e) does not bar claims for nominal damages.  Brooks v. Warden, 800 F.3d 1295, 1307-08 (11th Cir. 2015).

The defense of qualified immunity shields government officials performing discretionary acts "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Hadley v. Gutierrez, 526 F.3d 1324, 1329 (11th Cir. 2008).  To be entitled to qualified immunity, a public official "must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred."  Lee v.

11

Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002) (quotation omitted).  "Once the defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate."  Id. At that point, the plaintiff must establish that: (1) the facts, taken in the light most favorable to the party asserting the injury, show the officer's conduct violated a federal right; and (2) the right in question was "clearly established" at the time of the violation.  Tolan v. Cotton, 572 U.S. 650, 655-56 (2014).  The plaintiff must satisfy both prongs of the test to overcome a defense of qualified immunity, although courts have discretion to decide which question to address first.  Melton v. Abston, 841 F.3d 1207, 1221 (11th Cir. 2016).

As for Rager's First Amendment retaliation claims against Malone, Simmons, and Watts, the district court did not err by granting summary judgment on these claims.  The court determined, among other things, that no existing law clearly established at the time of the alleged conduct that it was a violation of the First Amendment for Malone to threaten Rager to persuade him to withdraw his grievances, or for Watts and Simmons to unjustifiably return grievances.  Because Rager has not made any argument on appeal concerning the "clearly established" prong of the analysis -- necessary for Rager to overcome the qualified immunity defense -- he has waived any challenge to the qualified immunity determination on appeal.  See id.; Sapuppo, 739 F.3d at 680.

12

As for Rager's First Amendment retaliation claim against Warden Augustine, the district court did not err by sua sponte dismissing these claims for failure to state a claim for which relief could be granted.  Rager claims that, on March 22, 2011, Warden Augustine sent Malone to meet with Rager and tell him to drop his administrative grievance.  However, it is by no means clear that a damages remedy is warranted for a First Amendment retaliation claim like this one.  See generally Ziglar v. Abbasi, 137 S. Ct. 1843 (2017).  Moreover, Rager has not alleged that Warden Augustine's actions in sending Malone were related to a physical injury or a sexual act, so Rager cannot obtain punitive or compensatory relief.  See 42 U.S.C. § 1997e(e); Smith, 637 F.3d at 1197-98.  And Rager's amended complaint did not state a claim for nominal damages against Augustine.  See Warden, 800 F.3d at 1307-08.  Because there is no relief that may be granted on Rager's retaliation claim against Warden Augustine, we affirm the district court's dismissal of this claim.

Finally, we are compelled to reject Rager's claim that the district court erred when it dismissed his injunctive and declaratory relief claims against the BOP.  We may not review an issue that "no longer presents a live controversy with respect to which the court can give meaningful relief," as the issue is moot.  Christian Coalition of Fla., Inc. v. United States, 662 F.3d 1182, 1189 (11th Cir. 2011) (quotation omitted).  We may determine that an issue is moot at any time in a case and not only when the case was filed.  Id. at 1189-90.  "Dismissal of a moot case is required

13

because mootness is jurisdictional." Sierra Club v. U.S. E.P.A., 315 F.3d 1295, 1299 (11th Cir. 2002).

Pursuant to 28 U.S.C. § 2201, a court only may issue a declaratory judgment in cases of "actual controversy." Emory v. Peeler, 756 F.2d 1547, 1551-52 (11th Cir. 1985). This means that, in order to state a claim under § 2201, a plaintiff must allege facts demonstrating that the harm caused by the defendants is ongoing or will be repeated in the future. Id. at 1552. A declaration that only past conduct violated a plaintiff's constitutional rights would be "nothing more than a gratuitous comment without any force or effect." Id. (quotation omitted).

For starters, Rager's injunctive claim against the BOP is moot because, as the record reveals, Rager is no longer housed in the same facility. See Christian Coalition of Fla., 662 F.3d at 1189. As for his claim for declaratory relief, it is true that several of Rager's administrative grievances were never answered. Nevertheless, Rager's injuries are not ongoing because his administrative remedy timelines show he was aware he could take the absence of a response to mean his request had been denied. See 28 C.F.R. § 542.18. Thus, Rager has established only that past conduct violated his rights, and declaratory relief would have no force or effect. See Emory, 756 F.2d at 1552. Finally, the Supreme Court has said that a Bivens remedy is not the proper vehicle for altering the BOP's policies. Correctional

14

<u>Services Corp. v. Malesko</u>, 534 U.S. 61, 74 (2001).  Accordingly, we affirm the district court's dismissal of Rager's claims against the BOP.

**AFFIRMED**.